RICHARD KRAUSE ET AL. *v.* ALMOR HOMES, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued April 7—decided May 10, 1960

S. *William Bromson,* with whom were *Charles N. Rodens* and, on the brief, *Harry Cooper, A. Ronald Burke* and *Solomon T. Burke,* for the appellants (plaintiffs).

*Robert C. Danaher,* for the appellee (named defendant).

*William P. Aspell,* with whom, on the brief, was *James T. Healey,* for the appellee (defendant Bednarz).

MURPHY, J. The named plaintiff is a minor. Through his mother, as next friend, he sued to recover for injuries allegedly received as the result of the negligence of the defendants. The mother was also named as an individual plaintiff in the writ. In the second count of the complaint, she sought recovery for the medical and hospital expenses incurred by her in the treatment of her son's injuries. Upon the trial to a jury of twelve, the court restricted the plaintiffs to four peremptory challenges on the theory that there was but one plaintiff. Thereafter a jury was impaneled, the case was tried and a verdict was returned for the defendants. The court, without memorandum, denied the motion to set aside the verdict. From the judgment rendered, the plaintiffs have appealed. They assign error in the denial of four peremptory challenges to each plaintiff and in portions of the charge. We shall dispose of the appeal on the first of these assignments.

During the selection of the jury, four jurors had been accepted when the clerk drew the name of the next venireman. Before the venireman entered the courtroom, counsel for one of the defendants suggested to the court that counsel for the plaintiffs had exhausted their challenges. At that time, four had been exercised. The court thereupon stated that the plaintiffs could exercise but four challenges and that it would adhere to that ruling unless the defendants were willing to waive their rights and allow the plaintiffs eight challenges. The plaintiffs protested the ruling, stating that there were two plaintiffs, the son and his mother, and that each was entitled to four challenges. Two of the defendants agreed that the court's ruling was correct and insisted upon its enforcement. The plaintiffs duly excepted to the ruling. Thereafter, the voir dire continued and the jury were impaneled. The plaintiffs made no attempt to challenge any of the veniremen who were examined after the ruling was made, including the eight who were selected as the remaining jurors. Each of these veniremen was accepted as a juror by the plaintiffs at the conclusion of his examination.

In *Shiels* v. *Audette,* 119 Conn. 75, 77, 174 A. 323, we said: "When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by the injury to the child. The right of the parent to recover is independent of the right of the child . . . . The parent is not regarded in law as either a party or privy to an action brought by a child . . . ." There were two separate causes of action stated in the complaint in

the present case. Each cause was stated in a separate count in the name of the party whose cause of action it was. The minor and his parent could have brought separate suits, as was done in *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 123 A. 25. If they had done so, there could have been no question that each would be entitled to the number of peremptory challenges allowed by law. That the two causes were combined here in one complaint does not destroy the separate identities of the parties. There were two parties plaintiff, and each was entitled to exercise four peremptory challenges. General Statutes § 51-241; *Mourison* v. *Hansen,* 128 Conn. 62, 67, 20 A.2d 84; see *Reid* v. *New Haven,* 133 Conn. 446, 449, 52 A.2d 140.

Were it not for the positive and dogmatic statement of the court in announcing its ruling that there was but one plaintiff who was entitled to four challenges, there might be merit in the claim of the defendants that the plaintiffs waived their right to pursue the erroneous ruling by thereafter accepting as jurors, without any attempt to assert challenges, the eight veniremen who completed the panel. Upon the record before us, it is obvious that any assertion of a challenge, except for cause, would have been futile. Under the circumstances of this case, the plaintiffs were entitled to yield to the ruling as made and protect their rights for an appeal. They have done so by taking exception to the ruling and assigning it as error. Therefore, a waiver can hardly be found. See *State* v. *Higgs,* 143 Conn. 138, 145, 120 A.2d 152.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.