ROBERT S. JONES ET AL. *v.* ALBERT E. RICKER, JR., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 2—decision released March 29, 1977

*Charles M. Tighe,* for the appellants (movants Bruce R. Carpenter et al.).

*Joseph J. Purtill,* for the defendants (appellees).

*John W. Roberts,* with whom was *Richard C. Stewart,* for the plaintiffs (appellees).

BARBER, J. The plaintiffs brought an action against the defendant members of the planning and zoning commission of the town of Stonington, claiming a writ of mandamus ordering the commission to issue a certificate to the effect that the commission's failure to act on a subdivision plan submitted by the plaintiffs be considered as approval of the plan.[1] Before the return day, upon the plaintiffs' application for a temporary order of mandamus, the court issued a show cause order for

---

[1] General Statutes § 8-26 provides in part: "The commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application or maps and plans submitted therewith, including existing subdivisions or resubdivisions made in violation of this section, within sixty-five days after the public hearing thereon or, if no public hearing is held, within sixty-five days after the submission thereof. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of time not to exceed a further period of sixty-five days may be had with the consent of the applicant." Compare a case where the commission rendered a decision but failed to publish notice thereof as required by statute. *Farr* v. *Eisen,* 171 Conn. 512, 370 A.2d 1024.

a hearing to be held on January 20, 1976. On that day, the appellants filed a motion to intervene as parties defendant, alleging that they were owners and occupants of nearby premises whose property would be specially and adversely affected by the development of the plaintiffs' proposed subdivision and whose right of appeal prescribed by § 8-28 of the General Statutes would be denied by the issuance of the certificate of approval sought by the plaintiffs in their mandamus action. The movants were heard through their counsel by oral argument. No claim was made in their motion or in oral argument that the town attorney was not adequately representing the town or the members of the commission nor was any claim made of collusion or fraud. After a hearing the motion was denied. The show cause hearing was continued to January 28, 1976, when the parties to the action filed a stipulation that the plaintiffs' subdivision plan "shall be considered as approved," and judgment was rendered approving the stipulation. The movants have appealed "from the decision of the Court denying the motion to be made party defendants."[2]

When the movants filed their appeal, on the day that final judgment was rendered, they also filed a motion for stay of execution of the mandamus order. The trial court denied the motion, holding that the movants were not parties to the action and could not avail themselves of the provisions of Practice Book § 661 relating to a stay of execution, and further holding that the plaintiffs were entitled to immediate relief in accordance with the final judgment. Subsequently, this court denied the movants' motion for review of the trial court's decision on

---

[2] Five of the twelve movants, by their own request, have been dropped as parties-appellant.

their motion for a stay. This court also denied the plaintiffs' motion to dismiss the appeal, but without prejudice to full argument of the issue of jurisdiction at the time of hearing the appeal on its merits. *Jones* v. *Ricker,* 170 Conn. 731, 355 A.2d 318.

The plaintiffs have raised two threshold issues which must be resolved before reaching the basic assignment of error that the trial court erred in denying the movants' motion to be made parties defendant. The plaintiffs not only contend that the appeal should be dismissed as moot because no practical benefit to the movants will result from a determination of the questions sought to be raised on appeal but have also pursued the jurisdictional issue of whether an order denying a motion to intervene is one from which an appeal can be taken.[3]

This appeal seeks to have us determine whether the trial court properly exercised its discretion in denying the movants' motion to intervene in the mandamus action. A mandamus proceeding is properly directed against the officer, body, corporation, or person whose duty it is to perform the act sought to be enforced, and, as a general rule, that party is

[3] Under our practice, the court is granted broad discretion in ruling upon a motion to admit new parties to proceedings before it. General Statutes §§ 52-102, 52-107 and 52-108; Practice Book §§ 61, 62 and 65; *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 555, 219 A.2d 225. Both by statute and court rule, appeals may be taken only from "the final judgment," and "if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial." General Statutes § 52-263; Practice Book § 600. See 4 Am. Jur. 2d, Appeal and Error, § 95; 4 C.J.S., Appeal and Error, § 116; annot. 15 A.L.R.2d 336; all dealing with the appealability, under various statutes and rules of practice in other jurisdictions, of an order ruling on an application for intervention, and indicating a split among the jurisdictions, with appealability generally depending upon whether a person had an absolute right to intervene or whether intervention was a matter within the trial court's discretion.

the only necessary defendant. 52 Am. Jur. 2d, Mandamus, § 397; 55 C.J.S., Mandamus, § 252 (a). In the present case, the trial court concluded that the movants were afforded a right of appeal to the Court of Common Pleas, pursuant to § 8-28 of the General Statutes, from the claimed approval of the subdivision plan;[4] that they were not indispensable or necessary parties to the mandamus action; that the due administration of justice did not require that they be made parties-defendant; and that their intervention would only serve to delay the action. The court not only denied intervention but also denied a motion by the movants, who were not parties, for a stay of execution of the mandamus order. The mandamus action is no longer pending, and the only relief sought by the plaintiffs in this action has been granted and executed. What relief the movants might have in a proper independent action is not for this court to determine in these proceedings.[5] "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 452, 352 A.2d 291; *Gormley* v. *Panuzio,* 166 Conn. 1, 3, 347 A.2d 78; Maltbie, Conn. App.

---

[4] See *Akin* v. *Norwalk,* 163 Conn. 68, 301 A.2d 258, in which the plaintiffs, landowners in the immediate vicinity of the proposed subdivision, had actual notice of the claimed action by the planning commission and successfully appealed pursuant to § 8-28, although there had been no publication to start the running of the appeals period.

[5] See, e.g., *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 111 A.2d 552; *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156–57, 48 A.2d 729. We note that the plaintiffs' brief refers to two actions which were unsuccessfully brought to the Court of Common Pleas and a third action seeking injunctive relief, which is now pending in the Superior Court.

Proc. §§ 21, 339. Because no practical relief could follow the determination of the other issues raised, we do not decide them. See *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901.

The appeal is dismissed.

In this opinion the other judges concurred.