[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Patricia Messina, Josephine Garrett, Stephen Sheehan, Izora Cummings, and Richard Longstreth, have brought this action against the defendants, the Bridgeport Water Pollution Control Authority ("WPCA") and the City of Bridgeport to challenge certain rates. The plaintiffs seek, inter alia, a declaratory judgment declaring invalid the rates set by the WPCA and a mandamus requiring the defendants to adjust their charges.
The defendants have moved to dismiss the plaintiffs' claims for a declaratory judgment and mandamus on a variety of grounds.
1. Sufficiency of Compliance with 390(d) P.B.
The defendants assert that the plaintiffs' claim for a declaratory judgment should be dismissed because the plaintiffs failed to comply with procedures for provision of notice to all persons having an interest in the litigation. Specifically, the defendants claim that the plaintiffs did not serve on the defendants their proposed notice but submitted it to the court ex parte.
The defendants further contend that the order of notice was signed not by a judge but by a court clerk and was therefore not subjected to judicial review. Substantively, the defendants assert that they would have objected to the proposed notice because they would have favored personal notice by mail to each rate payer instead of the notice by publication that was approved by the assistant clerk.
Section 52-68 C.G.S. provides in pertinent part that "the superior court, and the judges, clerks, and assistant clerks thereof, may except where it is otherwise provided by law, make such order as is deemed reasonable in regard to the notice which shall be given of the institution. . . of all complaints . . . which may be brought to. . . the superior court, when . . . any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding."
Section 199 of the Practice Book provides that applications for orders of notice, whether made to a court, a judge, a clerk or an assistant clerk, "shall state the residence of the party whom the notice is sought to reach or that all reasonable efforts have been made to ascertain the residence and have failed. . ." CT Page 106
The plaintiff's Motion for Order of Notice does not contain the requisite representation, and the defendants contend that the names and addresses of rate payers to be affected by the relief sought by the plaintiffs were readily ascertainable by informal request or formal discovery.
Because the plaintiffs have failed to comply with 199 P.B., they have not yet given the valid notice required pursuant to 390(d). The court's finding of insufficiency of notice does not however, require dismissal of the declaratory judgment action at this time. Section 390 P.B. indicates that unless a claimant seeking a declaratory judgment complies with certain procedures including the notice provision, the court will not render a declaratory judgment. It is still open to the plaintiffs to comply with the notice requirement by a proper motion, as the case is not scheduled for trial, however the plaintiffs will not be eligible to obtain a declaratory judgment until they have satisfied all procedures necessary for the giving of adequate notice.
2. Validity of the mandamus action in the absence of the board of directors of the WPCA.
The defendants base their motion to dismiss the plaintiffs' mandamus action on the ground that the plaintiffs failed to name or serve the board of directors of the WPCA as defendants.
The only necessary party to a mandamus action is "the officer, body, corporation, or person whose duty it is to perform the act sought to be enforced." Meredith v. Police Commission, 182 Conn. 138, 140 (1980); Jones v. Ricker,172 Conn. 572, 575-76 (1977).
Section 7-246 C.G.S. authorizes municipalities to designate a board or commission as its water pollution control authority. By ordinance Sec. 29-2 the City of Bridgeport created a Water Pollution Control Authority and provided at Ordinance 29-7, that "the powers of the WPCA shall be exercised by the members of the Board of Directors at a meeting duly called and held."
Pursuant to ordinance 29-13, the WPCA (acting by its Board of Directors), has the authority to exercise certain statutory powers including, pursuant to 7-255 C.G.S., the power to establish and review rates.
Since the powers and duties of the WPCA are effectuated by the Board of Directors, that board is the necessary party as to the relief sought by the plaintiffs. It has not been named as CT Page 107 a defendant even though it is in fact the body whose duty it is to perform the duty sought to be enforced.
This deficiency is not, however, properly raised by a motion to dismiss but rather by a motion to strike, since that is alleged is the absence of a necessary party. See 152 P.B. The motion to dismiss the mandamus action is, therefore, denied.
HODGSON, JUDGE.