[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
The complaint is in two counts. In the first count, the plaintiff, Steven Kershaw, seeks damages for injuries and losses sustained in an accident February 16, 1989, alleged to have CT Page 1303 been caused by the negligent operation of a vehicle owned by the defendant company and driven by its employee, the defendant Patrick McGuire. Among the recoveries sought by this plaintiff is reimbursement for the past and future costs and expenses.
In the second count, the plaintiff Bruce Kershaw, "individually and as parent and next friend" of Steven Kershaw reiterates the allegations of the first count as to Steven's claims, including the expenditure for costs of treatment. In addition, the plaintiff Bruce Kershaw alleges that he suffered substantial loss of wages and benefits when he was obliged to leave his employment for several months to comfort and care for his son.
The defendants have moved for a summary judgment on the second count. The defendants contend that the plaintiff Bruce Kershaw has no right of action as the parent of Steven because, at the time of the accident, he was not the parent of a minor child. In support of this contention, the defendants have submitted a Request to Admit dated October 29, 1990. The request asked admission that the date of birth of Steven Kershaw was August 15, 1969 and that on February 16, 1989 (the date of the accident) Steven Kershaw was over the age of 18 years. There was no response by the plaintiffs within 30 days nor none to date. Under P.B. Section 238, et seq. the court must deem these allegations to have been admitted. Steven Kershaw was not a minor on the date of the accident.
Connecticut courts have consistently recognized the right to recover for expenditures which parents have made on behalf of a minor child, both under statute and common law.
At common law, "when a minor child is injured by a negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by the injury of the child. Shiels v. Audette, 119 Conn. 75, 77, 174 A. 323 (1934); see Krause v. Almor Homes, Inc., 147 Conn. 333, 335160 A.2d 753 (1960)." Dzenutis v. Dzenutis, 200 Conn. 290, 308,512 A.2d 130 (1986).
General Statutes Sec. 52-204 permits the recovery of parental expenditures on his behalf by the minor plaintiff.
 52-204. RECOVERY OF EXPENDITURES BY HUSBAND OR PARENT. In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or CT Page 1304 parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant. . . .
This statute has been interpreted to mean that no cause of action is created in the parent, but merely provides a vehicle by which the plaintiff child can recover expenses incurred by a parent in lieu of the parent bringing a cause of action on the parent's own behalf. Cimino v. Yale University, 638 F. Sup. 952
(D.Conn., 1986). This statute does not mandate that parental expenses must be sought in the action on behalf of the child rather that in an independent action. The parent may, if he has an independent claim, bring his own action on his own behalf. Dzenutis, supra, at 308.
The defendants cite the case of Savona v. General Motors, Inc., 640 F. Sup. 6 (D.Conn., 1985) in support of their claim that Connecticut does not recognize an independent right in a parent to recover expenses incurred on behalf of an adult child. While this case, like Cimino, concerned the issue of whether a plaintiff parent could rely on General Statutes Section 52-204
as a basis for a claim, the court in Savona did find that the "only Connecticut cases discussing the independent rights of parents to recover such expenses (or damages for loss of the child's services) are cases in which the child involved was a minor." The court cited Krause v. Almor Homes, Inc., supra, and Shiels v. Audette, supra, as those cases. The court then went on to conclude that the plaintiff had failed to "allege a cause of action recognized by Connecticut law." Savona, supra. at 11. The Dzenutis case, supra, also involved a parental expenditures for a minor child.
A conclusion from these cases is that a right of plaintiff parent to recover expenses incurred as a result of injury to an adult child is not recognized in Connecticut.
Although not pleaded, the plaintiffs' memorandum indicates that "the plaintiff Steven Kershaw's parents were divorced and Steven lived with his father, the plaintiff Bruce Kershaw. The plaintiff Steven Kershaw was an epileptic and emotionally immature. Upon sustaining his injuries the plaintiff Steven Kershaw needed the comfort and support of his father. As a direct consequence, the plaintiff Bruce Kershaw was rushed from his employment in Europe to his son. Paragraph 8 of the Second Count is the plaintiff Bruce Kershaw's claim for reimbursement off wages lost while tending his son Steven during CT Page 1305 Steven's recuperative period."
The fact of Steven Kershaw's epilepsy and emotional immaturity may be factors in determining what treatment and support service that plaintiff may have required as a consequence of the accident, since the defendant takes a plaintiff as he finds him. If the sort of service, care and attention that the father gave to his son is an appropriate element of damages, then the plaintiff Steven Kershaw would be entitled to recover their reasonable value.
"An injured person is entitled to recover for medical or nursing services rendered him, even if gratuitous or paid for by a third party, on the ground that while such service or payment is a gift for his benefit, it is one of the elements of his injury and he is entitled to the benefit of the gift. [Citations omitted]." Beckert v. Doble, 105 Conn. 88, 91,134 A. 154 (1926).
Because the plaintiff has not established that a right of plaintiff parent to recover expenses incurred as a result of injury to an adult child is recognized in Connecticut; because the only available precedent indicates such and independent right in a parent is with regard to expenses incurred as a result of an injury to a minor child, the defendants are entitled to partial summary judgment in their favor on the second.
Summary judgment for the defendants and against the plaintiff Bruce Kershaw may enter on the second count of the complaint.
NIGRO, J.