[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: APPLICATION FOR MANDAMUS
The plaintiff, Diana M. Klug seeks a writ of mandamus against the defendant, Torrington Planning and Zoning Commission. On November 28, 1990, Ms. Klug prevailed in an appeal against the defendant, Klug v. Torrington Planning and Zoning Commission, CV 047930 in which the trial court, (Riefberg, J.) sustained her appeal from the granting of a resubdivision application by Eugene F. Green. The court ordered that the appeal be sustained and remanded the case "for further proceedings not inconsistent with this opinion."
To date no hearing has been scheduled on the remand and the plaintiff now seeks an order of mandamus to require the defendant to "schedule and hold a public hearing on the Green application. . .". The only parties to this action are the plaintiff and the Commission. Mr. Green who participated in the earlier appeal has not been named and is not a party. Under these circumstances the court cannot proceed further until Mr. Green is cited into the case.
As stated in Meredith v. Police Commission, 182 Conn. 138, at 140: CT Page 4918
 The plaintiff alleged that he was aggrieved because his complaint against Sergeant William Ferri of the New Canaan police department was not heard in public. He therefore requested that the court order the board to conduct a public hearing on his complaint. Such an order would reopen a matter which the board had already concluded in Ferri's favor. Ferri was not made a party to the present action. Although as a general rule the only necessary party to a mandamus action is the officer, body, corporation or person whose duty it is to perform the act sought to be enforced; Jones v. Ricker, 172 Conn. 572, 575-76, 375 A.2d 1034 (1977); where the performance of the duty will adversely affect the rights of a third person, the determination to enforce the duty cannot be made unless the person whose rights may be so affected is made a party to the proceeding. See State ex rel. Guglielmo v. Bergin, 149 Conn. 631, 640, 183 A.2d 607 (1962); 52 Am.Jur.2d, Mandamus 398.
Since Mr. Green was originally the successful applicant before the Commission, the holding of a new hearing on his application will unquestionably affect his rights. It may be that he will wish to amend his application, withdraw it, request a continuance or take other legal action. Accordingly, the court must grant to the plaintiff a reasonable opportunity to cite Mr. Green into the case. Meredith v. Police Commission, supra 141. See also, Fong v. Planning Zoning Commission, 212 Conn. 628,637,
For the reasons stated the matter is continued until June 22, 1992 to give to the plaintiff the opportunity to cite Eugene F. Green into the case.
PICKETT, J.