[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO JOIN AS PARTY PLAINTIFF
The original plaintiff, Constance Anderson, filed a two count complaint on March 4, 1992 against the defendants, Housing Authority of the City of Hartford and the City of Hartford seeking to recover for injuries she allegedly suffered as a result of a slip and fall on ice.
On April 24, 1992, the City filed an answer and a special defense of governmental immunity. The Housing Authority has not yet filed an answer.
On June 31, 1992, Mary Lou Anderson, the plaintiff's mother and guardian, filed a "Motion to Join as Party Plaintiff," accompanied by a proposed amended complaint containing two additional counts seeking to recover for the time she was required to be absent from her employment in order to attend to the many and diverse medical needs of Constance Anderson, her adult daughter.
The City opposes Mary Lou Anderson's motion to be made a party plaintiff on the basis that under Connecticut law the plaintiff's mother cannot join in this lawsuit because a parent may only recover expenditures for the care of a minor child. The Housing Authority also filed an objection to Mary Lou Anderson's motion, arguing that derivative actions by parents for injuries suffered by their children are barred in Connecticut.
"The decision whether to grant a motion for the CT Page 9034 addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. General Statutes 52-102, 52-107, 5-108; Practice Book, 1978, 85, 99, 100; Jones v. Ricker, 172 Conn. 572, 575
n. 3, 375 A.2d 1034 (1977); Nikitiuk v. Pishtey, 153 Conn. 545,555, 219 A.2d 225 (1966)." Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980). In the exercise of that discretion, the trial court might reasonably take into account the timeliness of the filing of the application, the possibility of prejudice to other parties, and whether the applicant's presence will enable the court to make a complete determination of the issues. A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989); Lettieri v. American Savings Bank, supra.
There is a threshold question as to whether the legal sufficiency of the proposed claims may be considered by the court in determining a motion to cite a new party, since the Connecticut Practice Book expressly provides that the proper procedural vehicle for challenging the legal sufficiency of a pleading is a motion to strike, Practice Book 152. However, neither party has raised this question and both have argued this motion as if the legal sufficiency of the complaint was determinative of the motion, and we proceed on that basis.
-II-
No Connecticut authority has been drawn to our attention which permits a claim by a parent for consequential damages incurred by the parent as a result of injuries sustained by an adult child. Connecticut courts have recognized such a cause of action by a parent only for damages resulting from the injuries sustained by a minor child. "When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services or expenses, caused by the injury to the child.'" (Emphasis added.) Krause v. Almor Homes, Inc., 147 Conn. 333, 335, 160 A.2d 753 (1960), quoting Shiels v. Audette, 119 Conn. 75, 77, 174 A.2d 323, (1934). CT Page 9035
Pursuant to General Statutes 52-204, a plaintiff may recover for the expenses incurred by his parent. Section52-204 provides:
 In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant.
While Section 52-204 provides a vehicle by which a plaintiff child can recover expenses incurred by his parent in lieu of that parent bringing a cause of action on his own behalf, it cannot be viewed as a basis upon which a parent can file a claim on his own behalf. Savona v. General Motors Corp., 640 F. Sup. 6, 10 (D.Conn. 1985). In Savona, the court noted, citing Krause and Shiels, that while Connecticut courts have recognized the right of parent of a minor child to recover for expenses incurred as a result of injuries to the child, the plaintiffs in Savona had "failed to point to any state statute or common law precedent which stands for the proposition that a parent has an independent cause of action to recover expenses incurred as a result of personal injury to a child not a minor." Id., 11; see also Cimino v. Yale University, 638 F. Sup. 952, 956 (D.Conn. 1986).
Since we conclude that the claim of Mary Lou Anderson is insufficient as a matter of law, her motion to join as party plaintiff is denied.
Wagner, J. CT Page 9036