[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED DECEMBER 22, 1994 CT Page 12217-A
On September 30, 1992, the plaintiff, Apple Hill Apartments, filed three actions against the defendants, the Town of Hamden, James W. Clynes, the tax assessor for the Town of Hamden and Barbara J. Tito, the tax collector for the Town of Hamden. On November 27, 1992, pursuant to Practice Book § 175, the plaintiff filed identical amended complaints in Docket Nos. 0338794S and 0338795S. On December 2, 1992, the court consolidated the three actions. Thereafter, on June 27, 1994, the plaintiff filed identical five count second amended complaints in Docket Nos. 0338794S and 0338795S to correct typographical errors contained in the amended complaints. The defendant consented to the amendments. Apple Hill's second amended complaints request the court to grant a writ of mandamus, injunctive relief, a declaratory judgment and redress for violations of the United States and Connecticut Constitutions. On July 21, 1994, defendants filed answers to the second amended complaints. The plaintiff alleges the following facts in its second amended complaints.
In 1990 Apple Hill's property located at 650 Mix Avenue in Hamden, Connecticut was valued at $2,854,444 on the grand list. As of October 1, 1991, the assessor increased the grand list value of the property to $8,360,310. Apple Hill contends this increase was grossly excessive. On February 26, 1992 the assessor filed his assessment with the town clerk. About that time, the assessment increase notice addressed to Apple Hill was mailed to 219 Farmington Avenue, Farmington, Connecticut. Apple Hill alleges that this was not its address and as early as 1989 the assessor knew the mailing address to be at 4 Main Street, Farmington, Connecticut. To date Apple Hill has not received an assessment increase notice at its 4 Main Street address.
Apple Hill first learned of the increase in July of 1992 when its mortgagee received a tax bill indicating a substantial increase in the assessment and corresponding tax liability. Apple Hill immediately attempted CT Page 12217-B to appeal the decision but was unable to as the board of tax review was not in session. Under General Statutes § 12-111, the board is only required to hold hearings until May of 1992 on grievances arising from assessments reflected on the October 1991 grand list. As a result, Apple Hill could not obtain a review of the assessment increase.
In July of 1992 Apple Hill paid one half of its tax liability. The tax collector then notified Apple Hill that it must pay the remainder of the taxes due, $144,967.78, on or before January 1, 1993. In September of 1992, pursuant to General Statutes § 12-55, Apple Hill attempted to get the increased assessment postponed for one year. It also requested, pursuant to General Statutes § 12-60, that the assessor issue a certificate of correction to correct what it characterized as a clerical omission or mistake in failing to send written notice to Apple Hill's last known address. On September 25, 1992, the Hamden town attorney responded that the Town had complied with the notice requirements in § 12-55 and that no certificate of correction would be issued.
On October 6, 1992 Apple Hill wrote to the board of tax review to appeal the assessment increase. The board never responded to this request. On October 26, 1992, Apple Hill wrote to the board of tax review and requested that the board review the assessor's failure to issue a certificate of correction. To date, the board of tax review has not responded to this request.
Apple Hill's second amended complaints request the court to grant a writ of mandamus compelling the board of tax review to hear its appeal. In the alternative, Apple Hill desires an injunction against imposition of the increased assessment and to prohibit defendants from refusing to require the board of tax review to hear its appeal. The plaintiff also requests a declaratory judgment and redress for violations of the United States and Connecticut Constitutions. The counts for mandamus, injunction and declaratory judgment request relief from the non-party board of tax review.
On October 29, 1992, Apple Hill filed motions in the two cases for a finding that no further notice to any CT Page 12217-C potential defendants is necessary. On December 7, 1992, Apple Hill filed two motions to cite in defendants, the board of tax review of the Town of Hamden, and its individual members Bernard Nitkin, Ernest DeFrank and Ronald Meneo. Defendants have not filed memoranda in opposition to the motions. The matters have been reclaimed on numerous occasions and the court heard oral argument on the motions at short calendar on August 15, 1994.
Pursuant to General Statutes § 52-102, "[u]pon motion made by any party . . . to a civil action, the person named in the party's motion, . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question therein. . . ."[1]
Under General Statutes § 52-102 the trial court has broad discretion in ruling on a motion to cite in a defendant. Beccia v. Waterbury, 185 Conn. 445, 455,441 A.2d 131 (1981). The factors to be considered "include the timeliness of the application, the possibility of prejudice to the other part[ies] and whether the [party's] presence will enable the court to make a complete determination of the issues." A. Secondino Sons, Inc.v. LoRicco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989).
With regard to the timeliness of the applications, they were filed within two months of the filing of the complaints. The matters were reclaimed on several occasions. The proximity in time between the complaints and the applications does weigh in favor of the granting of the motions.
The possibility of prejudice to the other parties in this case is minimal. The defendants have had nearly two years to object to the plaintiff's motion to cite in the board and they have filed no memoranda in opposition to the motions. The claims which are presently contained in the second amended complaints are the same claims which will be asserted against the board of tax review. Thus, no prejudice will accrue to the present defendants.
The board's presence will also enable the court to make a more complete determination of the issues. "A mandamus proceeding is properly directed against the officer, body, corporation, or person whose duty it is CT Page 12217-D to perform the act sought to be enforced, and, as a general rule, that party is the only necessary party."Jones v. Ricker, 172 Conn. 572, 575-76,375 A.2d 1034 (1977). In Connecticut "intervention is not routinely granted in mandamus cases." Beccia v.Waterbury, supra, 185 Conn. 455. Nevertheless, without the presence of a necessary party the court cannot fully adjudicate the matter before it. Meredith v. PoliceCommission, supra, 182 Conn. 138.
In the present case the plaintiff has applied to this court for a writ of mandamus to compel the board of tax review to hear its appeal. General Statutes § 12-111
provides, in pertinent part, that "any person . . . claiming to be aggrieved by the doings of the assessors . . . may appeal therefrom to such board of tax review . . ." Since the plaintiff is requesting the court to compel the board of tax review to hear its appeal, it is required to have the board, as a necessary party, before the court for a complete determination of the issues in the case. Meredith v Police Commission, supra, 182 Conn. 140-41;Messina v. Bridgeport Water Pollution ControlAuthority, 3 CONN. L. RPTR. 165, 166 (1991) (Hodgson, J.) (in action seeking a writ of mandamus be issued to compel action by a public board, the board itself is a necessary party).[2] Therefore, this court grants the motions to cite in the board of tax review as a defendant.
This court however denies the plaintiff's motions to cite in the individual members of the board of tax review of Meriden as defendants. The motions to cite in are dated December 7, 1992. There is no indication in the moving papers whether the individuals the plaintiff seeks to cite in are presently members of the board of tax review. Furthermore, the body which the plaintiff is attempting to compel to act, rather than the individual members of the body, is the necessary party. Jones v.Risker, supra, 172 Conn. 575-76; Messina v. BridgeportWater Pollution Control Authority, supra,3 Conn. L. Rptr. 166.[3]
Therefore, the court can fully adjudicate the matter and make a complete determination of the issues without the presence of the individual members of the Hamden board of tax review. Meredith v. Police Commission,supra, 182 Conn. 141. Accordingly, the plaintiff's motions to cite in Bernard Nitkin, Ernest DeFrank and CT Page 12217-E Ronald Meneo are denied.
The plaintiff, in its motions for finding that no further notice is necessary asks this court to "find that all persons having an interest in the subject matter of the complaint are parties to this action or have had reasonable notice thereof." The plaintiffs reason for requesting this order is that "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof" the court cannot render a declaratory judgment. Practice Book § 390(d). The plaintiff has cited no authority or precedent for the granting of such an order, and research has revealed none.
The only authority for the court to render an order with respect to notice of parties is contained in Practice Book § 199. Section 199 deals with the court authorizing the form of notice given to parties, not making a finding that sufficient notice has been given. The only orders of notice which the supreme court has stated are applicable to Practice Book § 390(d) are those "informing the claimants of the pendency of [an] action."Connecticut Insurance Guaranty Assn. v. RaymarkCorp., 215 Conn. 224, 230, 575 A.2d 693 (1990). Since this is not the type of order the plaintiff is requesting and there is no legal authority for such a finding or order, the plaintiff's motion is denied.