[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION On DEFENDANT'S OBJECTION TO REQUEST FOR LEAVE TO AMEND
The plaintiff Colette Mainville is the mother of the minor child Taylor Mainville. It is claimed in this action that the minor child was severely injured at birth as a result of the negligence of the defendant. The action, for the minor child is brought through his mother Colette Mainville, PPA. This presents the same question as is presented in Mainville v. RockvilleGeneral Hospital. Inc., decided this date.
The second count, by Colette Mainville, for loss of consortium of the child, was stricken by this court. The third count, for her emotional distress, by the mother, was allowed to stand. CT Page 14767
The plaintiff mother, Colette now seeks to amend the first count of the complaint to claim, for herself, consequential damages for expenses and loss of income to herself in connection with the care and homemaking services provided, and to be provided in the future, to care for the child for the rest of the child's life.
The original complaint claimed, PPA on behalf of the child, the incurring of medical expenses for care and treatment of the child for the remainder of his life. The proposed new complaint, while preserving the claim of the child, PPA, for these expenses seeks to add a claim to this count for the mother as against the defendant, for her own losses incurred by virtue of rendering "homemaking" services.
 I
The first question which arises is one of procedure. Both the parent and the child have a right to claim consequential damages from a tortfeasor. See Krause v. Almor Homes, Inc., 147 Conn. 333
(1960). Each of the parties, the minor PPA, and the parent individually could have commenced separate suits for the entiretory of consequential damages. Krause, supra, pp. 335, 336.
Here the amended claim for consequential damages is brought in a single count, by the child, PPA, and hence avoids the theoretical question of whether claims for consequential damages may be split between the parties, the child PPA asserting some of the claims, and the parent individually asserting other of such claims. The court determines that, procedurally, it is proper to assert the claims for all consequential damages by one of the parties, here the child PPA, within a single count, thereby avoiding the potential problems of whether the consequential damages claims can be procedurally divided between the child, PPA, and the parent individually. Recovery of consequential damages by the child PPA would of course bar the parent from thereafter individually seeking consequential damages from the defendant. General Statutes § 52-204.
In these circumstances recovery by the child, PPA, from the defendant would allow the mother to then claim payment from the estate of the child, in the probate court if necessary, in the same fashion as would be the claim of any outside medical provider. CT Page 14768
 II
As to the substance of the claim for compensation for the mother for rendering extraordinary home health care services on behalf of the child, this appears to be a matter of somewhat first impression. It is obvious that the claim of the mother is a claim against the estate of the minor, as would be the claim of any outside medical provider. It is clear that a medical provider does not have a direct cause of action against a negligent party. Hence the mother, in her own right as a claimed medical provider, does not have a direct claim against the defendant. The claim is presented PPA, and the minor must present the claim against the defendant in the same fashion as would be any other claim against the minor for medical bills and health care services rendered.
The court can see no reason why, if a parent is required to provide home health care to a minor, above and beyond the normal maintenance obligation of parenthood, the parent should not be entitled to reimbursement for the reasonable value of such extraordinary health care services, caused and necessitated by the negligence of another.
The court distinguishes between these losses and the general concepts of loss of consortium. The latter pertains to loss of "companionship, society, affection and moral support", as articulated in Hopson v. St. Mary's Hospital, 176 Conn. 485, 494
(1979). The former pertains not to the loss of what was, or even what might have been, (as concerns companionship and the like), but rather pertains to the actual rendering of health care type services which are customarily rendered by health care professionals. The plaintiff argues that if such care is not provided by the mother the child would have to be cared for in an institution with round the clock nursing care.
The court does not reach the question of what may be the requisite proof of the reasonable value of health services alleged to be performed by the mother. Or the means, method or limitations which may pertain to the evaluating such services. The court determines that the minor may assert a claim against the defendant for any and all claims for the incurring of reasonable expenses for health care services provided to and for the minor, regardless of whether such reasonable and necessary services are provided by a relative or by an outside health care provider. CT Page 14769
The objection to the amended complaint is overruled.
L. Paul Sullivan, J.