[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE
Camille Burke is a minor who has brought this action through her mother and next friend, Evadne Burke, for injuries and damages sustained as a result of Camille Burke falling through a screen in the living room CT Page 7512 window a distance of three floors landing on the concrete pavement at 51 Imlay Street in the City of Hartford, which premises were allegedly owned by and in possession of the individual defendants and which premises were allegedly in the possession and control of the LL Management Co., which was responsible for the care and maintenance of the premises including the windows and window screens. The accident occurred on or about October 29, 1996 at approximately 9:26 A.M. Plaintiffs have brought this action in four counts, the first two counts in negligence for the resulting injuries to the minor plaintiff. The third and fourth counts have been brought by Evadne Burke, individually, against the defendants for repayment of medical expenses for the minor plaintiff. The defendants have filed, inter alia, special defenses to all four counts claiming contributory or comparative negligence on the part of the plaintiff mother, Evadne Burke. Although that special defense is not actually set forth as to the fourth count, both counsel agreed at the hearing before this Court on June 12, 2000 that there is a special defense to the fourth count which is the same as the special defense to the third count. It was further agreed between counsel that the special defenses of contributory negligence applied to counts one, two, three and four. It was also agreed by counsel that the second special defense to the first and second counts alleging contributory negligence of the plaintiff mother, individually, Evadne Burke, are not valid because of the doctrine of parental immunity, and, therefore, by agreement the second special defense to the first and second counts are stricken.
The Motion to Strike the second special defense to the third and fourth counts is also based upon the doctrine of parental immunity. However, this issue is contested as to these counts because although the first and second counts claim damages for injuries sustained by the minor plaintiff, counts three and four are solely claims by the plaintiff mother, individually, for reimbursement of the medical expenses which she has paid or for which she is liable on behalf of her daughter as a result of the alleged negligence of the defendants. Defendants claim that since the plaintiff in the third and fourth counts is not the minor child but rather the mother, the special defenses of contributory/comparative negligence by the mother as to negligent supervision of the child are not barred by the doctrine of parental immunity.
STANDARD OF REVIEW:
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.CT Page 7513BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992).
The above standards apply equally to a motion to strike a special defense.
ISSUES:
There is clearly a split of authority among Superior Court judges on the whether the doctrine of parental immunity bars recovery of medical expenses by the parent. However, subsequent to these decisions is the case of Crotta v. Home Depot, Inc., 249 Conn. 634, 638, 639, 640, 642,643, 644 (July 20, 1999).
This case repeats the definition of the doctrine of parental immunity. "This doctrine bars an unemancipated child from suing his or her parents for personal injuries". I.D. 638.
This case also holds that apportionment of liability against the parent, contribution from the parent and indemnity from the parent are all barred by the doctrine of parental immunity on the basis that ". . . apportionment of liability . . . only among those parties from whom theplaintiff is entitled to recover damages . . . the contribution defendant must be a tortfeasor, and originally liable to the plaintiff . . . As in the case of contribution, indemnity is not allowed against one who has a defense, such as family immunity against the original plaintiff." id., 639, 640, 642.
The defendant in the case at bar claims that the Court in Crotta, supra, did not address the issue of whether parental immunity bars a special defense of contributory negligence. This Court is not persuaded, and finds that parental immunity does bar a defense of contributory negligence against the parent even though the parent is alleging in separate counts that parent's claim for reimbursement of medical expenses on behalf of the minor plaintiff.
The reasons are as follows:
1. The special defense of contributory negligence has essentially been eliminated in favor of comparative negligence, which is apportionment, which apportionment has clearly been barred by the doctrine of parental immunity under the holding of Crotta.
2. Defendant claims that the court in Crotta had an opportunity to make the same ruling as to a special defense of contributory negligence as it did in regard to apportionment, contribution and indemnification but chose not to do so. This overlooks the fact that this case was based upon CT Page 7514 a certification of questions from the United States District Court for the District of Connecticut which limited the questions in this case to apportionment, contribution and indemnification
3. By not permitting the doctrine of parental immunity to apply to a special defense of contributory negligence as in this case would be discriminatory toward a single parent. If the father was the one who allegedly engaged in negligent supervision, then the mother could be the plaintiff for the purpose of being reimbursed for medical expenses. In the case of a single parent against whom the negligent supervision is used as a special defense, that single parent would not have the option of having the other parent bring the claim for reimbursement of medical expenses and would, therefore, be the only one to which the special defense of negligent supervision could apply.
4. The Supreme Court in Crotta on page 644 sets out its rationale without any limitation to the three issues before it in the following language: "Third party actions against a parent based on that parent's allegedly negligent supervision of his child would be no less disruptive of parental management of family affairs than would be a direct negligence action by the child against the parent. Permitting such actions would undermine parental authority in a similar manner," citingDubay v. Irish, 207 Conn. 518, 527-8 (1988).
The Crotta court goes on to say: "Thus, allowing the defendants' third party claims against Crotta in these circumstances would permit the defendants to accomplish indirectly that which could not be accomplished directly . . .
Furthermore, allowing such third party claims would have a detrimental effect upon the injured child. `It is artificial to separate the parent and child as economic entities by the assertion that the recovery of the nonparent defendant from the negligent parent does not technically diminish the injured child's recovery. The reality of the family is that, except in cases of great wealth, it is a single economic unit and recovery by a third party against the parent ultimately diminishes the value of the child's recovery.' Holodook v. Spencer, 36 N.Y.2d 35, 47,324 N.E.2d 338, 364 N.Y.S.2d 859 (1974)." "In addition," the Crotta court says "vulnerability to suit by third parties might make parents reluctant to seek legal redress for their child's injuries. See id., 47."
5. All of these comments by the Crotta court are equally applicable to a special defense of contributory negligence by the mother against the mother's claims for reimbursement of expenses.
6. The one economic entity argument is persuasive. If the medical bills CT Page 7515 were $50,000 or higher, and the mother was precluded from collecting it because of a special defense, then any monies the minor child might receive would be offset by the payment of these medical bills which the mother would have to pay, assuming she has no insurance, thereby, diminishing the minor plaintiff's recovery. In an extreme case where the medical bills are unusually high, this could result in the mother having to file bankruptcy and/or lose the house on foreclosure thereby adversely affecting the minor plaintiff.
For all of the foregoing reasons, the plaintiffs' Motion to Strike the second special defenses to counts three and four is granted.
Rittenband, JTR