[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parents of the plaintiff, a minor, instituted the present action, alleging that the defendants were negligent in the operation of a motor vehicle, which negligence was the proximate cause of injuries sustained by the minor child. The allegations of the original Complaint were contained in one count. The plaintiffs later amended the Complaint in order to add a Second Count, seeking past and future medical expenditures incurred by them in connection with injuries of the minor child as a result of the negligence of the defendants. This count speaks solely to their independent claims and is not brought on behalf of the minor child. The defendants have filed an Answer and Special Defenses. The Second Special defense is specifically directed to the Second Count, and it alleges that the plaintiffs were themselves negligent, in that they failed to properly train and supervise the minor child. The plaintiffs have moved to strike this Special Defense on the theory that it is barred by the doctrine of parental immunity. Both parties filed memoranda of law and presented oral argument. The issue before the Court is whether or not the doctrine of parental immunity is applicable based upon the facts of this case.
 LAW
In American jurisprudence, the doctrine of parental immunity appeared approximately one hundred years ago, having been first applied in the decision of a Mississippi court in Hewlett v. George, 68 Miss. 703, 711,9 So. 885 (1891). The basic premise of the doctrine is that a parent should not be allowed to sue a child for a personal tort and vice versa, on the theory that to do so would undermine the stability of the basic societal unit, the family. Connecticut adopted the doctrine in the case of Mesite v. Kirschenstein, 109 Conn. 77, 84 (1929). After a period of the extension of the doctrine to other jurisdictions, within a relatively short period of time, the courts all across the nation began to limit and/or eliminate it altogether. The American Law Institute summarized the general state of the law in this regard and the rationale for it, stating in part that, "This Section approves the trend and takes the position CT Page 10276 that under the better law the immunity between parent and child is entirely abrogated." Restatement (Second) of Torts Section 895G (1979).
Today, only a mere handful of states retain full parental immunity. Most, like Connecticut, have limited it's application. For instance, it does not apply in Connecticut where there has been negligence of a parent or child in the operation of a motor vehicle, an airplane, or a boat. Section 52-572c C.G.S. Likewise, it is not applied in the case of a sexual assault, Henderson v. Wooley, 230 Conn. 472, 486 (1994), or where the tort took place in a business context, as opposed to a family setting where parental discretion was involved. Dzenutis v. Dzenutis, 200 Conn. 290
(1986). The doctrine has been upheld by the Connecticut Supreme Court inDubay v. Irish, 207 Conn. 518 (1988) [attempted suicide by child ingesting parent's prescription medicines], Squeglia v. Squeglia,234 Conn. 259 (1995) [Strict liability not applied in case of bite by family dog.], and Ascuitto v. Farricielli, 244 Conn. 692 (1998) [fire in home of parent]. The doctrine was most recently upheld in the case ofCrotta v. Home Depot, Inc., 249 Conn. 634 (1999). There parental immunity was held to apply, which effectively foiled an attempt by the defendants (retail store and shopping cart manufacturer) to join the allegedly negligent parent, whose child fell out of the shopping cart, for purposes of apportionment of liability. The application of the doctrine of parental immunity in Crotty was the logical extension of the theory as advanced by the majority, to wit: That it is proper to deny an attempt to seek apportionment from a non-party parent in a lawsuit brought on behalf of the minor child, in that the child himself could not recover damages from his parent, and, therefor, a defendant should not be permitted to obtain what the child could not. However, in each of the last three decisions, Justice Berdon presented a lucid, if not vigorous, dissent in which he invited the High Court to join with the majority of our sister states in eliminating a legal anachronism.
Connecticut has long allowed a parent to maintain a separate cause of action against another party in order recover their past and future medical expenditures or other consequential damages incurred in connection with the injury to their minor child. By way of limitation, where a parent has availed themselves of this right, it is a defense to their claim for such damages that the child has recovered the selfsame expenses. In other words, there can be no double recovery. Section 52-204
C.G.S. Moreover, this cause of action is an independent one and not a derivative of the child's cause of action. Krause v. Almor Homes, Inc.,147 Conn. 333, 335-36 (1960).
This Court believes that the Connecticut Supreme Court has clearly left the door open to decide the issue on a case by case basis when it framed the question presented to it by the U.S. District Court at page 635 of CT Page 10277 the Crotty opinion to be, ". . . whether, in the circumstancespresented, the doctrine of parental immunity operates to preclude the parent of a minor plaintiff from being joined as a third party defendant for purposes of: (1) apportionment of liability . . . based upon the parent's allegedly negligent supervision . . . ." (Emphasis added) This Court has no trouble distinguishing the facts of the case before it from the facts of the line of cases where the doctrine has been applied. For instance, in Crotty, the parent was not an independent party to the action, and the defendants tried to join him for purposes apportionment, which would be a benefit to them. In the case before this Court, the parents have chosen to institute an independent claim and to make themselves a party to the action, which could result in a benefit to them. Logic and equity dictate that they should not be able to loose their arrows at the defendants and then to hide behind the shield of a legal theory clearly intended for another purpose.
 ORDER
For the foregoing reasons, the plaintiffs' Motion to Strike the defendants' Second Special Defense is hereby DENIED.
THE COURT
SHAY, J.