[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action arises from an accident alleged to have occurred on April 4, 2001 when the minor plaintiff sustained personal injuries when struck by a motor vehicle owned or operated by the defendants. In the Second Count the plaintiff's mother, Jennifer Milledge, seeks reimbursement for medical expenses incurred for treatment rendered to the minor plaintiff as a result of the injuries sustained in the subject accident. The defendants in the second special defense seek to defeat or reduce the mother's claim for medical expense reimbursement based upon a theory of negligent supervision.
The Complaint alleges that the minor plaintiff, Tyrell Milledge, was operating a motor bike in a generally northerly direction on the date of the accident. It further alleges that the defendant John Dyer was operating a truck owned by the defendant U.S.A. Hauling and Recycling.
The Complaint claims that the truck operated by Dyer wrongfully struck the minor Tyrell Milledge.
The defendant has filed two special defenses. Its defense to the First Count alleges contributory or comparative negligence on the part of the minor plaintiff. The special defense to the Second Count, the mother's independent action for the medical expenses of the minor, alleges that the mother, Jennifer, was contributorily or comparatively negligent because she negligently supervised her minor son.
 DISCUSSION
The Supreme Court has held:
"[T]here are sound policy reasons for us to conclude that the doctrine of parental immunity operates to preclude third party actions against the parent of a minor plaintiff on the basis of the parent's allegedly CT Page 16397 negligent supervision of the child." Crotta vs. Home Depot, Inc., 249 Conn. 634, 642 (1999).
In Crotta the Supreme Court made it clear that the doctrine of parental immunity is alive and well in Connecticut and that it precluded the defendants from asserting claims for apportionment against a parent.
The precise question facing this Court is whether the mother's alleged comparative negligence can be asserted against her in her claim for medical expenses paid on behalf of the minor. There appears to be no Appellate authority on this precise issue. Two Superior Court cases have considered the matter. In Burke v. LL Management,2000 Ct. Sup. 7511 (June 16, 2000), Judge Rittenband struck a special defense of comparative negligence under virtually identical facts. InSedgwick vs. Halfpenny, 2000 Ct. Sup. 10274 (August 15, 2000), Judge Shay refused to strike a special defense under virtually identical facts.
This Court returns to Crotta to answer the question presented. In Crotta the Supreme Court held:
 "The primary focus of the parental immunity doctrine in Connecticut is the protection of the relationship between the parent and the child. The protection of that relationship enables the parent to raise the child effectively without undue influence from the State." [Citations omitted]. Crotta, supra at 642.
The Supreme Court continued
 "Furthermore, allowing such third party claims would have a detrimental affect on the injured child. `It is artificial to separate the parent and the child as economic entities by the assertion that the recovery of the non-parent defendant from the negligent parent does not technically diminish the injured child's recovery. The reality of the family is that, except in cases of great wealth, it is a single economic unit and recovery by a third party against the parent ultimately diminishes the value of the child's recovery.'" [Citations omitted]. Crotta, supra at 644.
Justice Berdon dissented in Crotta as he has in earlier cases claiming CT Page 16398 that the majority refused "to relinquish its stubborn adherence to an anachronism." Crotta, supra at 644. See Ascuitto v. Farricielli,244 Conn. 692, 719 (1998), Sequeglia v. Sequeglia, 234 Conn. 257, 278
(1995).
Whatever the merits of the disagreement between Justice Berdon and the majority on the continued viability of parental immunity in Connecticut, the majority has clearly ruled that the doctrine continues in Connecticut. The theoretical basis for the doctrine seems to be the protection of the family unit against claims of failure to supervise minors. Faced with the Supreme Court's avowed purpose of retaining parental immunity to strengthen the family unit, this Court holds that the defendant may not plead comparative negligence against a parent even if the claim is in her own name and for her own benefit.
For the reasons set forth above, the first special defense to the Second Count is stricken.
BY THE COURT
___________________ Kevin E. Booth, J. CT Page 16399