674 So.2d 530 (1996)
Ex parte Leroy HILL.
(In re STATE of Alabama ex rel. Attorney General Jeff SESSIONS v. Leroy HILL).
1950479.
Supreme Court of Alabama.
January 17, 1996.
Dissenting Opinion January 18, 1996.
*531 A. Danner Frazer, Jr. and Michael E. Upchurch of Frazer, Greene, Philpot & Upchurch, Mobile, for Petitioner.
William D. Little and Mort P. Ames III, Asst. Attys. Gen., for Respondent.
Dissenting Opinion by Justice Houston January 18, 1996.
PER CURIAM.
Leroy Hill petitions this Court for a writ of mandamus directing Judge Braxton Kittrell of the Mobile Circuit Court to vacate his December 18, 1995, order staying all proceedings in the civil fraud action brought against Hill by the State of Alabama. In its complaint, the State alleged that Hill had fraudulently caused the State to sell him certain land at an undervalued price and then had harvested and sold the land's timber crop for a large profit.
Hill purchased an 80-acre tract of land from the Department of Mental Health and Mental Retardation for $48,400 on August 25, 1993. In February 1995, an investigator for the attorney general of Alabama, in conjunction with an agent of the Federal Bureau of Investigation (FBI), began interviewing witnesses as part of an investigation of Hill's land purchase. The State issued subpoenas for witnesses to appear and for the production of documents. The State investigator and the FBI agent then jointly interviewed witnesses and obtained documentary evidence pursuant to these state-issued subpoenas.
On June 22, 1995, a deputy attorney general of the State of Alabama, in conjunction with an assistant United States attorney, presented evidence to a federal grand jury in the United States District Court for the Southern District of Alabama. On August 22, 1995, the State brought a fraud action against Hill in the Mobile Circuit Court, seeking to rescind the land sale and seeking compensatory and punitive damages. On September 21, 1995, the federal grand jury returned an indictment against Hill alleging four counts of mail fraud in violation of 18 U.S.C. § 1341.
Hill subsequently sought to conduct discovery in the State court civil action. On November 14, 1995, Hill served a request for production of documents on the State (the plaintiff in the civil case) and then served a notice of deposition of a witness in the case. The State responded by asking the State trial court to stay the civil action until January 29, 1996, the date on which Hill is scheduled to strike a jury in the federal criminal action. The State argued that the stay was necessary in order to prevent Hill from obtaining by discovery in the State civil action information that would also assist his defense in the federal criminal action. The State argued that without the stay Hill would be able to discover under the Alabama Rules of Civil Procedure evidence that he would not be able to obtain under the Federal Rules of Criminal Procedure.
The Mobile Circuit Court entered a temporary stay and, following a hearing on the State's motion, stayed the State civil action until January 29, 1996.
A writ of mandamus is an extraordinary remedy and will be issued only when there is "1) a clear legal right in the petitioner *532 to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993).
Hill argues that he has a clear legal right to an order vacating the trial court's December 18, 1995, order because, he says, the circuit court abused its discretion in granting the State's motion for a stay. He contends that the State did not make the showing of "good cause" he says is necessary to obtain the stay.
The State asserts that it has a right to a stay of its civil case against Hill in order to prevent Hill's discovering evidence that he could use in his defense of the federal criminal charges. The State points out that the Federal Rules of Criminal Procedure do not provide for discovery by deposition of any prosecution witness, and it argues that Hill will gain an unfair advantage in the federal criminal trial if he is allowed discovery by deposition and other means under the State civil discovery practices.

I.
Both parties have directed this Court to cases involving motions for stays of federal civil proceedings pending the outcome of parallel federal criminal proceedings. These cases fall into several categories.
For example, there are cases in which the United States has sought a stay of civil proceedings brought against the United States by an individual who is subject to a federal criminal investigation. In some of these cases, the federal court ordered a hearing to determine whether the criminal investigation was sufficiently related to the civil action to justify a stay of discovery. Afro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed.Cir. 1987); C3, Inc. v. United States, 4 Cl.Ct. 790 (1984). In other cases, the federal court granted the Government's motion outright, where it was clear that the criminal defendant had filed a civil action against the United States during the pendency of the federal criminal proceeding only to aid himself in the criminal trial by benefit of the broad civil discovery rules. See Campbell v. Eastland, 307 F.2d 478 (5th Cir.1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); Founding Church of Scientology of Washington, D.C., Inc. v. Kelley, 77 F.R.D. 378 (D.D.C.1977); United States v. Premises and Real Property at 297 Hawley St., Rochester, N.Y., 727 F.Supp. 90 (W.D.N.Y.1990).
In some of the cases, the United States had brought both criminal and civil actions against an individual and had then sought a stay of the civil proceedings during the pendency of the criminal action. The federal courts denied the stay in cases where they found that the Government had offered only sketchy or conclusory arguments to establish that a stay was needed. United States v. All Right, Title and Interest in the Real Property and Buildings Known as 228 Blair Avenue, Bronx, New York, 821 F.Supp. 893 (S.D.N.Y.1993) (Government's motion for stay based on speculation of prejudice stemming from broad civil discovery was denied); United States v. Swissco Properties, 821 F.Supp. 1472 (S.D.Fla.1993) (United States brought both criminal and civil actions against a defendant and then sought to stay the civil proceeding; the motion was denied for lack of a showing of good cause). In at least one case, however, the federal court granted the Government's motion to stay where it found that the broad discovery available in the civil action could potentially compromise the identity of confidential informants and witnesses not currently required to be disclosed, as well as other confidential law enforcement information. United States v. Property at 297 Hawley St., Rochester, N.Y., supra.
In one case, it was the individual subject to both criminal and civil cases brought by the United States who sought a stay, arguing that the Government's use of the broad discovery process available in the civil action would violate the defendant's Fifth Amendment protection against self-incrimination. The trial court denied the stay because it found that the defendant had supported the motion for a stay with a mere blanket assertion of a Fifth Amendment privilege. See United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359 (11th Cir.1994), *533 cert. denied, ___ U.S. ___, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995).
This Court has addressed the issue whether a state civil action may be stayed when there exists a parallel criminal proceeding, or even the substantial risk of an impending indictment, based on the same conduct at issue in the civil case. In Ex parte Coastal Training Institute, 583 So.2d 979 (Ala.1991), an employee brought a civil action against her employers, alleging various tortious acts; the defendants sought a stay of that action pending a criminal investigation of the same acts alleged in the civil action. This Court noted that while the United States Constitution does not automatically require a stay of civil proceedings in such circumstances, under Rule 26(c), Ala.R.Civ.P., the trial court does have discretion to postpone civil discovery when justice requires that it do so to protect a party or person from annoyance, embarrassment, oppression, undue burden, or expense. 583 So.2d at 980-81.
This Court further recognized in Coastal Training that "`[t]he broad scope of civil discovery may present to both the prosecution, and at times the criminal defendant, an irresistible temptation to use that discovery to one's advantage in a criminal case.'" 583 So.2d at 981, quoting Afro-Lecon, Inc. v. United States, 820 F.2d at 1203. We concluded that most of the facts material to the civil action would be material in a potential criminal proceeding. After weighing the defendants' interest in postponing the civil action against the prejudice that could result to the plaintiff in that case, we concluded that to allow the civil discovery would result in a forfeiture of the defendants' constitutional protection against self-incrimination. Id.

II.
The State argues that the order granting the stay is justified because it will prevent Hill from "circumventing criminal discovery rules in a federal criminal case in which the state has a strong interest (as the victim of the alleged crime for which the defendant is indicted) through the improper use of broad civil discovery in the [civil] case." (Emphasis added.)
The State has not demonstrated that allowing Hill's requested civil discovery could potentially compromise confidential information in the pending criminal action. Moreover, the State has no Fifth Amendment right against self-incrimination that could be violated by the requested civil discovery. The State has only speculated that the federal criminal action could be affected by information obtained through the civil discovery that Hill requests and concludes that this is sufficient to outweigh Hill's right to conduct discovery to defend himself in the civil action initiated by the State.
We agree with the federal court cases holding that a motion to stay civil discovery during the pendency of a parallel criminal proceeding is not properly granted upon speculative or conclusory grounds. United States v. Swissco Properties, supra; All Right, Title and Interest in the Real Property and Buildings Known as 228 Blair Avenue, Bronx, New York, supra. The State is not a party to the federal criminal proceeding and has no legal interest in the outcome of the federal criminal trial. The State is merely the plaintiff in a civil action against Hill and, as such, has not established "good cause" for granting the motion to stay. The trial judge, therefore, abused his discretion in staying the civil proceeding; we conclude that Hill has a clear legal right to the relief he seeks. Accordingly, we grant his petition for a writ of mandamus; Judge Kittrell is directed to vacate his order staying the proceedings in the civil action.
WRIT GRANTED.
HOOPER, C.J., and ALMON, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.
HOUSTON, Justice (dissenting).
The State of Alabama, as the plaintiff in a civil action, moved the trial court to temporarily stay pretrial discovery by the defendant, Leroy Hill. The trial court granted the State's motion. Hill petitioned this Court for a writ of mandamus ordering the trial court to lift the temporary stay, and a majority of this Court has granted his petition.
*534 "The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse." Ex parte Thomas, 628 So.2d 483, 485 (Ala.1993). A petition for a writ of mandamus is a method by which a party disappointed by a trial judge's ruling on a discovery matter can seek redress, but a writ of mandamus, being a drastic and extraordinary remedy, will be issued only if the petitioner can demonstrate "a clear legal right"[1] to the relief sought. The relief sought here is immediate discovery in the civil action.
In Ex parte Coastal Training Institute, 583 So.2d 979, 981 (Ala.1991), this Court noted that a trial judge, in deciding whether to grant a motion to stay civil proceedings, must weigh the movant's interest "in postponing the civil action against the prejudice that might result to [the other party] because of the delay." The State makes two arguments in support of its contention that the trial court did not abuse its discretion in temporarily staying discovery in the civil action against Hill. First, the State argues that it would be unfair to allow Hill to seek discovery from the State while he refuses to comply with any State discovery requests. Because of Hill's pending federal criminal prosecution, he is constitutionally entitled to assert his Fifth Amendment right against self-incrimination if the State attempts discovery from him before the conclusion of his criminal prosecution. Second, the State argues that Hill is attempting to circumvent the limits placed on discovery by the Federal Rules of Criminal Procedure by obtaining otherwise unobtainable discovery through discovery requests made in a civil action that parallels his federal criminal prosecution.[2]
Without specifically addressing the State's second argument, I am forced to conclude that the trial judge did not abuse his discretion in temporarily staying discovery in the civil action. The prejudice and unfairness to the State inherent in its being subjected to one-sided discovery by Hill is obvious. Furthermore, the only alleged prejudice that Hill can demonstrate from the temporary stay is prejudice to his defense of the federal criminal charges because of his inability to obtain the requested discovery and thereby evade the limits placed on discovery in criminal proceedings by the Federal Rules of Criminal Procedure.[3] In order to outweigh the interest of the State in staying discovery, however, Hill must be able to demonstrate some prejudice to his defense of the civil action. See Ex parte Coastal Training Institute, supra. Given the absence of any demonstrable evidence that the issuance of the temporary stay prejudiced Hill in the civil action, I cannot see how the majority can hold that the trial judge abused his discretion in temporarily staying the discovery.
The majority's reliance on United States v. Swissco Properties, 821 F.Supp. 1472 (S.D.Fla.1993), and United States v. All Right, Title and Interest in Real Property and Buildings Known as 228 Blair Avenue, Bronx, New York, 821 F.Supp. 893 (S.D.N.Y. 1993), to buttress its holding that the trial judge abused his discretion is misplaced. Both of those cases involve civil forfeitures. Hill's case does not involve a civil forfeiture. There are obvious constitutional problems in granting long delays in forfeiture proceedings in which a complainant's property has been either seized or rendered useless.
As Justice Kennedy correctly pointed out in Ex parte Thomas, supra, "to justify issuance of [a writ of mandamus], there must be a clear showing of injury to the petitioner." 628 So.2d at 485 (emphasis added). Hill has *535 failed to make any showing, much less a clear showing, that he was injured as a result of the trial judge's issuance of an order temporarily staying discovery. The fact that the stay order foils Hill's attempt to evade the limits on discovery set by the Federal Rules of Criminal Procedure is not a cognizable injury. No party to a civil action has a right to use the discovery provisions of the Alabama Rules of Civil Procedure for any purpose other than the furtherance of the party's civil action.
Therefore, because Hill had no "clear legal right" to proceed with discovery in the civil action before the trial of the federal criminal charges against him, I am forced to conclude that Hill's petition for the writ of mandamus should be denied.
MADDOX, J., concurs.
NOTES
[1] This is the first element of the long-established four-part mandamus test cited by the majority. See Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993).
[2] Although in the criminal proceeding against Hill the State of Alabama is not the prosecuting authority, the State does have an interest in seeing that Hill is convicted of the federal charges. Not only would the State, as a victim of a crime, have an interest in any possible restitution, but the State's own civil action against Hill would be furthered by the criminal conviction in that the newly effective Alabama Rules of Evidence provide that such a conviction may be admissible against Hill in the civil fraud case. See Ala.R.Evid., Rule 803(22).
[3] No one has argued that the Federal Rules of Criminal Procedure do not in the federal criminal case provide Hill with all the process he is due under the United States Constitution and the Alabama Constitution.