WALLINGFORD CENTER ASSOCIATES *v.* BOARD OF
TAX REVIEW OF THE TOWN OF WALLINGFORD
(AC 20377)

Lavery, C. J., and Schaller and Flynn, Js.

Argued October 29, 2001—officially released March 26, 2002

*Jeffrey W. Keim*, with whom, on the brief, was *Bernard Green*, for the appellant (Captiva Realty Company).

*Janis M. Small*, town attorney, for the appellee (defendant).

*Opinion*

LAVERY, C. J. This appeal relates to an appeal taken to the trial court from a property revaluation. The issue is whether a person who takes title to a parcel of land while an appeal from the revaluation of the property is pending in the trial court may intervene into the appeal that was taken by the previous owner, in order to contest a new assessment that is based on the same valuation. A threshold issue is whether, pursuant to *Jones* v. *Ricker*, 172 Conn. 572, 375 A.2d 1034 (1977), this appeal has been rendered moot by the fact that the administrative appeal into which the new owner sought to intervene no longer is pending. We hold that the appeal is not moot[1] and that the new owner should have been allowed to intervene into the previous owner's appeal. Accordingly, we reverse the judgment of the trial court insofar as the court failed to extend it to the years that the new owner owned the property, and we

---

[1] As we explain in the text of our opinion, the present case is saved from mootness by the fact that the relief that the new owner seeks can be given by this court without further trial court proceedings. That rare circumstance is the exception, rather than rule, and we observe that to avoid dismissal on the basis of mootness, would-be intervenors who have a colorable claim to intervention as a matter of right would be well advised to appeal immediately from the denial of their motion to intervene. See *Common Condominium Assns., Inc.* v. *Common Associates*, 5 Conn. App. 288, 497 A.2d 780 (1985).

direct the court to amend the judgment to apply to those years.

The present action began when the plaintiff, Wallingford Center Associates (Wallingford Center), appealed to the defendant board of tax review of the town of Wallingford (board), challenging the valuation of its property on the grand list of 1991. The board upheld the tax assessor's valuation, and Wallingford Center appealed from the board's decision to the Superior Court. Subsequently, Wallingford Center amended its appeal to include the assessments for the 1992, 1993 and 1994 tax years.[2] On December 2, 1994, while the matter was pending before the Superior Court, title to the subject property passed to Captiva Realty Company (Captiva). On June 13, 1997, Captiva filed a motion to be joined as a party plaintiff in Wallingford Center's appeal so that it could amend the complaint filed by Wallingford Center to include challenges to the assessments for the years 1995 and thereafter. The court denied Captiva's motion, apparently agreeing with the board's argument that Captiva had to exhaust its administrative remedies by taking its own appeal to the board, and that Captiva could not bypass the administrative process by intervening in Wallingford Center's appeal and challenging tax assessments on the property for the years that it, and not Wallingford Center, owned the property. On December 6, 1999, the court sustained Wallingford Center's appeal, concluding that the valuation of $2,104,700 placed by the tax assessor on the property was not congruent with the fair market value of the property, which the court found to be $1.5 million. The court therefore ordered corrections to be made to the valuations for the years 1991, 1992, 1993 and 1994.

---

[2] General Statutes § 12-117a provides in relevant part: "If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year . . . ."

After the court rendered judgment, Captiva filed this appeal, challenging the court's denial of its motion to be joined as a party.[3]

Before reaching the merits of the appeal, we must first address the threshold issue of whether this appeal is rendered moot by the fact that there no longer is a pending action into which Captiva can intervene. In *Jones* v. *Ricker*, supra, 172 Conn. 573, the plaintiffs sought a writ of mandamus to order a town planning and zoning commission to issue a certificate of approval for a subdivision plan. Several owners of nearby property filed a motion to intervene as party defendants,

---

[3] Within the time set for filing an appeal from the denial of its motion to intervene, Captiva filed a notice of intention to appeal, also known as a reservation of the right to appeal. The parties were asked to brief whether that filing saved the appeal from being dismissed as moot in light of the completion of the trial court proceedings. Although we hold that Captiva's appeal is not moot, we have decided to answer that question for the guidance of future litigants. The purpose of filing a notice of intention to appeal is to preserve until the end of the action an aggrieved party's right to appeal an order that is a final judgment in its own right. Since 1996, Practice Book § 61-5 has provided that the notice of intention to appeal is effective in only two situations. One situation is where the deferred appeal is to be taken from a judgment that disposes of all the causes of action brought by or against a party so that that person is not a party to any remaining complaint, counterclaim or cross complaint. Interpreting the rules liberally, as Practice Book § 60-2 requires us to do when strict adherence will work surprise or injustice, we believe that the denial of a motion to intervene, which results in the intervenor's complaint's being omitted from the case, can be viewed as satisfying that requirement. Therefore, if there were any question about the timeliness of Captiva's appeal, the filing of the notice rendered the appeal timely. The filing could not, however, remedy the mootness problem that usually occurs when a would-be intervenor files an appeal after the case has gone to judgment. An appeal is moot when there is no relief that can be granted to the appellant, even if he should prevail on his arguments. *Hilton* v. *New Haven*, 233 Conn. 701, 726, 661 A.2d 973 (1995). Most postjudgment appeals filed by would-be intervenors will be moot because the relief sought, i.e., intervention into the underlying action, cannot be granted once the action has gone to judgment. As we stated in footnote 1, to avoid potential mootness problems, would-be intervenors who have a colorable claim to intervention as a matter of right should appeal immediately from the denial of their motion to intervene.

and their motion was denied. Id., 574. Subsequently, the trial court rendered judgment ordering that the certificate be issued and, after judgment was rendered, the would-be intervenors appealed from the denial of their motion to intervene. The Supreme Court dismissed that appeal as moot. Id., 577. The court held that the appeal was moot because the mandamus action was no longer pending, and the only relief sought by the plaintiff in the action had been granted and executed. Id., 576. The Supreme Court held that under those circumstances, no practical relief could be afforded the would-be intervenors who had opposed the issuance of the certificate. Id., 577.

We believe the present situation is distinguishable from that presented in *Jones*. It is well established that an appeal is considered moot if there is no possible relief that the appeals court can grant to the appealing party, even if the court were to be persuaded that the appellant's arguments are correct. *Hilton* v. *New Haven*, 233 Conn. 701, 726, 661 A.2d 973 (1995). Here, we believe there is relief that can be granted to Captiva, if it should prevail on its argument, even though there no longer is a proceeding into which it could intervene. Captiva's argument is that the $1.5 million valuation of the property established in Wallingford Center's appeal became the valuation of the property until the next mandated decennial revaluation in the year 2000. For that reason, Captiva maintains that it is entitled to a tax refund from the town of Wallingford (town), which, during the years of Captiva's ownership, assessed the property in question based on the $2,400,700 valuation that was held to be excessive in Wallingford Center's appeal. Captiva argues that if it had been allowed to intervene, it could have asserted its right to a refund for overpayment of taxes for the years 1995 through 1999.

Assuming that Captiva's argument is persuasive, as we find that it is, there is relief that can be granted to

Captiva without the need for any further trial court proceedings. As we will discuss in more detail, Captiva should have been allowed to intervene so that the judgment would have applied not only to the years Wallingford Center owned the property, but to the years that it was owned by Captiva. Once Captiva had been made a party, it would have been entitled to the same relief that Wallingford Center obtained on appeal. The relief that Captiva should have received can be given to it simply by directing the trial court to open the judgment, grant Captiva's motion to intervene and to amend the judgment to cover the years of Captiva's ownership. Such an amendment would be a simple ministerial act. Because that relief is available to Captiva despite the fact that there no longer is a pending trial court proceeding, this appeal is not moot.

Turning to the merits of Captiva's argument, Captiva contends that it should have been joined as a party plaintiff so that its claims that it was overassessed for the years 1995 and thereafter could be joined with Wallingford Center's claims that it was overassessed for the years 1991 through 1994. The board argues that Captiva had no statutory right to intervene in Wallingford Center's appeal and that Captiva's sole remedy for its alleged overassessment was to bring its own appeal to the board, and, if unsuccessful there, to bring its own appeal to the trial court.

Captiva filed a motion for permission to be made a party plaintiff in Wallingford Center's appeal; it did not seek intervention as a matter of right. "The denial of a motion . . . for permissive intervention is reviewed with an abuse of discretion standard." *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 142, 758 A.2d 916 (2000). We agree with Captiva that the court abused its discretion when it held that Captiva lacked standing to intervene because it had not

exhausted its administrative remedies before coming to the trial court.

"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review. . . . In addition, the administrative agency may be able to resolve the issues, making judicial review unnecessary. . . .

"The [exhaustion] doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to numerous exceptions. . . . [W]e have recognized such exceptions only infrequently and only for narrowly defined purposes . . . such as when recourse to the administrative remedy would be futile or inadequate. In light of the policy behind the exhaustion doctrine, these exceptions are narrowly construed." (Citations omitted; internal quotation marks omitted.) *Fish Unlimited* v. *Northeast Utilities Service Co.*, 254 Conn. 1, 11–13, 756 A.2d 262 (2000). For example, a mere conclusory assertion that the administrative agency will not reconsider its decision does not mean that resort to the agency would be futile; *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 561, 630 A.2d 1304 (1993); nor does the fact that the fact finder previously indicated how it would decide the claim. *Housing Authority* v. *Papandrea*, 222 Conn. 414, 428–30, 610 A.2d 637 (1992). Futility is more than mere allegation that the administrative agency might not grant the relief

requested. *Concerned Citizens of Sterling* v. *Sterling*, 204 Conn. 551, 559–60, 529 A.2d 666 (1987).

Here, the allegation of futility is much more than conclusory, and we believe that had Captiva appealed to the board seeking a lower valuation, it would have been a futile act. At the time that the board claims that Captiva should have filed an appeal with the board, the board was engaged in vigorously defending, in Wallingford Center's appeal, the very same valuation that Captiva would have been attacking. It simply is unrealistic for the town to maintain that Captiva could have obtained relief from the board under those circumstances. The board could not have given Captiva relief without backing away from the position it was taking in Wallingford Center's appeal. Giving relief to Captiva would have been an act that was inconsistent with the board's position in the trial court proceeding underlying this appeal, and we are unwilling to assume that the board would have acted in any way but in a consistent manner. For that reason, we hold that it would have been futile for Captiva to have pursued its remedy before the board, and we hold that exhaustion of that administrative remedy was not a necessary prerequisite to Captiva's intervening into Wallingford Center's appeal.

In light of the fact that it would have been futile for Captiva to have appealed the property's valuation to the board, the trial court abused its discretion when it refused to permit Captiva to intervene in Wallingford Center's appeal, which was the only proceeding in which it had a chance of obtaining relief. In addition to holding that the court should have granted Captiva's motion for permissive intervention, we hold that a subsequent property owner such as Captiva is entitled to intervene in a pending valuation appeal *as a matter of right.*

In *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 60 Conn. App. 140, we observed that Connecticut appellate cases often have relied on rule 24 of the Federal Rules of Civil Procedure in determining issues of intervention and, in those decisions, the courts have spoken approvingly of the rule. See, e.g., *Milford* v. *Local 1566*, 200 Conn. 91, 94, 510 A.2d 177 (1986); *Horton* v. *Meskill*, 187 Conn. 187, 192, 445 A.2d 579 (1982); *State Board of Education* v. *Waterbury*, 21 Conn. App. 67, 72, 571 A.2d 148 (1990). As we stated in *Rosado*: "Cases involving rule 24 (a) establish four requirements that an intervenor must show to obtain intervention as of right. The motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation." *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 160.

Taking those requirements in sequence, we find Captiva's application to intervene to have been timely, even though it was made on June 13, 1997, two and one-half years after Captiva took title to the property. Captiva's purpose in seeking to intervene was to add the assessments for the years it owned the property to the assessments already being contested by Wallingford Center. General Statutes § 12-117a sets no time limit for adding newly issued assessments to an existing appeal, and although Captiva's application certainly was made long after the 1995 assessment was issued, "[a]s a general matter, the timeliness requirement is applied *more leniently for intervention of right* than for permissive intervention because of the greater likelihood that serious prejudice will result." (Emphasis in original; internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 744, 699 A.2d 73 (1997). We note

that Captiva's application to intervene was filed two and one-half years in advance of the date Wallingford Center's appeal was concluded and also that no one was prejudiced by Captiva's filing for intervention when it did. In light of those facts, and applying the more lenient standard for timeliness applicable to intervention as of right, we hold that Captiva's application was timely.

The next two criteria, i.e., the requirements that the applicant have a direct and substantial interest in the subject matter of the litigation and that the movant's interest must have been impaired by the disposition of the litigation without the movant's involvement, can be considered together. The board argues that because Wallingford Center's appeal concerned only assessments for the years that Captiva did not own the property, Captiva's interest could not be affected by the court's judgment. We do not find that argument persuasive.

When Captiva took title to the subject property, it gained a direct and substantial interest in the issue of whether the property had been properly revalued in 1991 because the property tax assessments for the next five years of Captiva's ownership, until the reassessment in 2000, would be based on that valuation. That fact gave Captiva a direct and substantial interest in the subject matter of the litigation, which was whether the base valuation, which would be used in determining assessments issued beginning in 1992 and continuing until the next revaluation, was proper. Also, as can be seen by the town's refusal to refund any of Captiva's property tax payments even after Wallingford Center's appeal established that the valuation on which they were based was too high, it is clear that Captiva's interest definitely was impaired by the litigation's having been concluded without Captiva's having been involved. Finally, the fact that the town was unwilling

to give Captiva the benefit of Wallingford Center's judgment shows without question that Captiva's interest was not represented adequately by any party to the litigation.

Because Captiva satisfied all four requirements, it should have been allowed to intervene in the litigation as a matter of right to add to the challenged assessments the assessments for the years 1995 through 1999.[4]

Ordinarily, when we have found that a motion for intervention improperly was denied, we remand the matter to the trial court with direction to grant the application for intervention and to continue with the trial court appeal. Such a remand is not possible here, however, because the trial court appeal has ended. Nevertheless, there is relief that can be granted to Captiva under the circumstances.

We can conceive of no argument that the board could have made, and the board has offered none, to convince

---

[1] In the future, when a person who takes title to property while a valuation appeal is pending is allowed to intervene as a party plaintiff to the appeal, that person will then be an "applicant" who is entitled to amend the appeal to contest subsequent years' assessments as provided in General Statutes § 12-117a. Although we are cognizant that the word "applicant" as used in § 12-117a refers specifically to a person who has been aggrieved by a decision of the board of tax review or board of assessment appeals and who has then made application in the nature of an appeal therefrom to the Superior Court, we do not think that the legislature meant to preclude subsequent owners from intervening in a pending appeal to challenge assessments issued to the subsequent owner while the original owner's appeal is pending.

The legislative history indicates that when the provision allowing amendment of the appeal to contest subsequent assessments was being considered by the Senate, the sole comment on the proposed amendment was made by Senator Paul J. Falsey, who observed: "The bill would allow subsequent difficulties that arose after the original appeal to be included in the pending action." 11 S. Proc., Pt. 6, 1965 Sess., p. 2058, remarks of Senator Paul J. Falsey. Nothing in the legislative history of the amendment indicates that the "further difficulties with the property," that the amendment was enacted to remedy were limited to just those assessments levied against the person who owned the property at the time of the revaluation and who filed the appeal.

the trial court, once Captiva was made a party plaintiff, that although the property was overvalued when it was in Wallingford Center's hands, it was not overvalued while it was owned by Captiva. As Judge Devlin aptly observed in *Resnik* v. *New Haven*, 12 Conn. Sup. 47 (1943): "It is not the *named person against whom the assessment is made. A 'person assessed'* is a person whose property is assessed. It is not the party who is assessed but the property. When [the new owner] became the owner of this property, it became, and the original owner ceased to be, a 'person assessed', that is, a person whose property is assessed." (Emphasis in original.) Id., 49–50. Furthermore, once the valuation of the property is established, it cannot be changed (absent the occurrence of factors not present here) until the next statutorily mandated revaluation. See *DeSena* v. *Waterbury*, 249 Conn. 63, 74–75, 731 A.2d 733 (1999).

Accordingly, the same arguments that convinced the trial court that the value of the property was $1.5 million in Wallingford Center's hands would, of necessity, have convinced the court that its value was $1.5 million during the years that Captiva owned it. Because of that, no further evidence would have to be taken, even if we could remand this case to the trial court for further proceedings, and no further argument would be necessary. We note that the issue of the property's proper valuation has been decided and that decision has not been appealed. It would be appropriate, if there were still a viable proceeding into which Captiva could intervene, for the trial court's judgment to apply to the years during which Captiva owned the property prior to the date of judgment. That result can be accomplished by our directing that the judgment be amended, despite the fact that the appeal has been concluded.

The judgment is reversed only insofar as the trial court failed to make Captiva Realty Company a party

to the appeal and failed to extend the judgment's applicability to the years 1995 through 1999, and the case is remanded with direction to grant the motion for intervention as a party plaintiff by Captiva Realty Company and to amend the judgment by setting $1.5 million as the value of the subject property to apply to the years 1995 through 1999.

In this opinion the other judges concurred.