STATE OF CONNECTICUT *v.* WILLIAM
A. TOMASSO ET AL.

Superior Court, Judicial District of Hartford
File No. CV-04-4004293S

Memorandum filed November 19, 2004

*Robert Teitelman*, assistant attorney general, for the plaintiff.

*Cowdery, Ecker & Murphy*, for the named defendant et al.

*Lynch, Traub, Keefe & Errante*, for the defendant Peter N. Ellef et al.

*Moynahan, Minnella, Broderick & Tindall*, for the defendant LF Design, LLC, et al.

*Sweeney & Griffen*, for the defendant Patrick J. Delahunty.

*Robinson & Cole*, for the defendant Theodore R. Anson.

*Richard Cramer*, for the defendant Lawrence E. Alibozek.

*Santos & Seeley*, for the defendant Kristine D. Ragaglia.

*Nora R. Dannehy*, assistant United States attorney, for the intervening defendant United States of America.

LANGENBACH, J. This action, commenced by the state's attorney general on October 20, 2004, alleges that eleven defendants violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., in connection with the award and execution of state contracts. Six of the eleven defendants were previously subject to a federal grand jury indictment, the charges of which include racketeering, conspiracy, extortion,

mail and wire fraud, and which involves some of the same acts alleged in the present complaint.

The United States moves to intervene and to stay the proceedings on the ground that the federal prosecution will be harmed if the defendants are permitted to conduct civil discovery and thereby gain access to evidence and witnesses not yet accessible to them in the federal proceedings. The attorney general does not object to intervention or to a stay. The defendants Peter Ellef, Peter Ellef II, LF Design, and the four Tomasso defendants, William A. Tomasso, Tomasso Brothers Construction Company, Inc., Tomasso Brothers, Inc., and Tunxis Management Company, Inc., all object to both the intervention and any stay of the proceedings on the ground that delay will unfairly prevent them from defending against the state's charges and resolving the legal cloud by which they are currently burdened.[1]

Connecticut law provides for the addition of parties when the court, in its discretion, "deems the interests of justice require." General Statutes § 52-108; Practice Book § 9-19.[2] The court is also required to permit the

---

[1] The defendants Lawrence E. Alibozek and Kristine D. Ragaglia do not object to either intervention or to a stay. The defendant Theodore R. Anson takes no position on the motion, but did indicate at oral argument that he wants to file a motion to strike the complaint. Similarly, the defendant Patrick J. Delahunty does not object to intervention or to a stay of discovery but seeks to retain the right to pursue legal challenges to the action that do not require discovery. For convenience, in this memorandum of decision the court will refer to the defendants who oppose both intervention and a stay as the defendants.

[2] General Statutes § 52-108 provides: "An action shall not be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require."

Practice Book § 9-19 provides in relevant part: "Except as provided in Sections 10-44 and 11-3 no action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the judicial authority, at any stage of the cause, as it deems the interests of justice require. . . ."

addition of a party when a nonparty seeking to intervene "has an interest or title which the judgment will affect . . . ." General Statutes § 52-107; Practice Book § 9-18.[3] "Most of our cases discuss the admission of new parties as coming within the broad discretion of the trial court. . . . The nature of the right to intervene in Connecticut, however, has not been fully articulated. Where state precedent is lacking, it is appropriate to look to authorities under the comparable federal rule, in this case [r]ule 24 of the Federal Rules of Civil Procedure."[4] (Citations omitted; internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 740, 699 A.2d 73 (1997).

[3] General Statutes § 52-107 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

Practice Book § 9-18 provides in relevant part: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party. . . ."

[4] Rule 24 of the Federal Rules of Civil Procedure provides in relevant part: "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. . . ."

"The distinction between intervention of right and permissive intervention, such as is found in [r]ule 24 of the Federal Rules of Civil Procedure, has not been clearly made in Connecticut practice. . . . But there are also cases which make clear that intervention as of right exists in Connecticut practice." (Citations omitted; internal quotation marks omitted.) Id., 739–40.

"Cases involving rule 24 (a) [of the Federal Rules of Civil Procedure] establish four requirements that an intervenor must show to obtain intervention as of right. The motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation." (Internal quotation marks omitted.) *Wallingford Center Associates* v. *Board of Tax Review*, 68 Conn. App. 803, 811, 793 A.2d 260 (2002).

The defendants argue that the United States fails to meet two of those four requirements.[5] First, they claim that the United States does not satisfy the interest requirement because it has no interest in the financial damages and penalties sought by the civil action. Second, they contend that the United States' interests can be represented adequately by current parties, which include individuals cooperating with the federal prosecution.

Both federal and state courts have held that prosecutors' interest in preventing discovery in a civil case from being used to circumvent the more limited scope of discovery in a criminal matter is sufficient to justify

[5] The parties appear to agree that the motion to intervene is timely. The complaint was filed on October 20, 2004, and the motion to intervene was filed on November 2, 2004. The defendants have not yet filed responsive pleadings to the complaint, and discovery has not yet commenced.

intervention in a related civil action. See, e.g., *Securities & Exchange Commission* v. *Chestman*, 861 F.2d 49 (2d Cir. 1988) (upholding trial court's grant of intervention); *Bridgeport Harbour Place I, LLC* v. *Ganim*, 269 F. Sup. 2d 6, 8 (D. Conn. 2002) (allowing permissive intervention and noting that "[c]ourts in this circuit have frequently allowed the government to intervene in a civil case when there is a related criminal case pending, particularly when the intervention is for the limited purpose of moving to stay the case"); *Securities & Exchange Commission* v. *HGI, Inc.*, United States District Court, Docket No. 99 Civ. 3866 (S.D.N.Y. November 8, 1999) (allowing permissive intervention); *Rocque* v. *Cote*, Superior Court, judicial district of Hartford, Docket No. CV-99-05888424 (November 28, 2001) (31 Conn. L. Rptr. 64) (*Hennessey, J.*) (granting prosecutors intervention as of right). The defendants do not dispute that discovery in this action could lead to disclosure of evidence not available to them in the federal criminal proceedings.[6] Thus, the federal criminal procedures, established to serve the ends of justice and due process, could be circumvented through the present action. The United States no doubt possesses an interest in preventing or minimizing the possibility of such circumvention. That interest in protecting the integrity of the federal criminal process is sufficient to justify the United States' intervention in the present proceedings.[7]

---

[6] In fact, Ellef already has noticed the deposition of defendant Lawrence E. Alibozek, one of the government's cooperating witnesses, for November 29, 2004. The defendants do not dispute that such a deposition is not permissible under the federal rules.

[7] Although the defendants do not argue that the United States' motion fails to satisfy the third requirement for intervention as of right of rule 24 (a) of the Federal Rules of Civil Procedure, which is that "the movant's interest must be impaired by disposition of the litigation without the movant's involvement"; *Wallingford Center Associates* v. *Board of Tax Review*, supra, 68 Conn. App. 811; the court nevertheless concludes, on the basis of the foregoing analysis, that the United States' interest in preventing the civil discovery process from undermining the criminal prosecution will be prejudiced by allowing discovery in this action to go forth without the United States' involvement.

The final requirement of rule 24 (a) is that the "the movant's interest must not be represented adequately by any party to the litigation." (Internal quotation marks omitted.) *Wallingford Center Associates* v. *Board of Tax Review*, supra, 68 Conn. App. 811. "The most significant factor in assessing the adequacy of representation is how the interests of the absentees compare with the interests of the present parties . . . ." *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 148, 758 A.2d 916 (2000). "The burden for establishing inadequate representation of similar interests is minimal. Indeed, the United States Supreme Court has acknowledged that one successfully establishes inadequate representation if the applicant shows that representation of his interest may be inadequate . . . . *Trbovich* v. *United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972). The particular circumstances of each case will dictate whether the absentee has an interest different from that of an existing party, and doubts should be resolved in favor of intervention." (Internal quotation marks omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 149–50.

Here, the United States' interest is in the protection of its evidence from premature disclosure. The defendants argue that because some of the defendants in this action are cooperating witnesses in the federal prosecution, those defendants can protect the United States' interests adequately during the civil discovery process through objections to problematic discovery requests. The United States responds that the cooperating witnesses, both individually and collectively, do not possess sufficient knowledge of the federal government's case or evidence to represent its interests effectively. Similarly, the attorney general, while working cooperatively with the United States, has conducted a separate investigation and pursues different legal claims and remedies than does the United States, with concomitant

differences in procedure, elements and proof. Although both the attorney general and the United States seek to vindicate the public interest, their particular legal interests are significantly dissimilar. Thus, neither the cooperating witnesses nor the attorney general share interests or knowledge sufficiently identical to that of the United States to bar its intervention in this action.

Finally, permissive intervention may be granted, even when intervention as of right is not appropriate, when the applicant's claim shares a question of law or fact with the action, and the court, in its discretion, determines that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. See Fed. R. Civ. P. 24 (b). The United States' interest in protecting the criminal discovery process is intertwined with both the legal and factual issues of the present action. Moreover, its intervention will represent no further delay or prejudice beyond that which is necessarily entailed by the court's resolution of its motion to stay the proceedings.

Accordingly, the United States may intervene both as of right and permissively.

The United States further seeks a stay of the proceedings pending resolution of the criminal matter. At oral argument, the parties agreed that a jury verdict would resolve the criminal case for the purposes of this motion.

The United States Supreme Court has recognized the discretionary authority of a court to stay civil proceedings pending the outcome of a criminal prosecution when the interests of justice so require. *United States* v. *Kordel*, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970). "This authority allows a court to stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." (Internal quotation marks

omitted.) *Bridgeport Harbour Place I, LLC* v. *Ganim*, supra, 269 F. Sup. 2d 8.

"The court must make such determinations in the light of the particular circumstances of the case. . . . [A] trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." (Citations omitted; internal quotation marks omitted.) *Shuckra* v. *Sencio*, Superior Court, judicial district of Hartford, Docket No. CV-02-0816539 (October 23, 2002) (33 Conn. L. Rptr. 390, 391) (*Hennessey, J.*). "The general rule is that parallel proceedings may proceed; not that they generally should be prohibited." *Farricielli* v. *State*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-96-05386369 (January 8, 1997) (18 Conn. L. Rptr. 520, 522) (*McWeeny, J.*).

Courts have frequently stayed discovery in civil proceedings when a related criminal prosecution may be undermined. See, e.g., *Bridgeport Harbour Place I, LLC* v. *Ganim*, supra, 269 F. Sup. 2d 6; *Securities & Exchange Commission* v. *HGI, Inc.*, supra, United States District Court, Docket No. 99 Civ. 3866 (listing cases); *Shuckra* v. *Sencio*, supra, Superior Court, Docket No. CV-02-0816539; *Rocque* v. *Cote*, supra, Superior Court, Docket No. CV-99-05888424. "In deciding whether to grant a stay of discovery, courts in this circuit generally consider the following factors: the interests of the defendants, the interests of the plaintiffs in proceeding with the litigation, the public interest, and the interests of the courts and of third parties." *Securities & Exchange Commission* v. *HGI, Inc.*, supra, United States District Court, Docket No. 99 Civ. 3866.

The defendants argue that their interest in the expeditious resolution of the case will be prejudiced by a

stay. They contend that the complaint's allegations are harmful to their reputation and business interests. Further, the defendants claim that their state constitutional right to access the court pursuant to article first, § 10, will be infringed by any delay. The defendants' right to access the court to defend themselves against civil charges in an expeditious manner, while significant, is subject to reasonable limits designed to vindicate other significant public interests. "Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." (Internal quotation marks omitted.) Id. The public holds a strong interest in maintaining the integrity of the federal prosecution.

Moreover, the defendants' desire to clear their names by defending against the civil charges, although understandable, lacks urgency while they continue to be subject to the more publicized federal prosecution. The defendants concede that the federal case is unlikely to conclude within the next year. Thus, their interest in defending themselves will suffer no significant prejudice from some delay in the civil proceedings.

The defendants argue that the United States' interest in protecting the criminal prosecution against extensive civil discovery may be satisfied without a stay by having the court issue protective orders as needed for each problematic discovery request. Such an approach, however, would certainly require further and perhaps extensive judicial intervention, thereby expending considerable judicial resources. In addition, the United States could be forced to reveal aspects of its case prematurely in the course of objecting to each specific discovery request. See *Bridgeport Harbour Place I, LLC* v. *Ganim*, supra, 269 F. Sup. 2d 11. The interests of

both the United States and the court counsel against such an approach.

The defendants urge the court to follow the Supreme Court of Alabama, which vacated an order granting a stay in similar circumstances in *Ex parte Hill*, 674 So. 2d 530 (Ala. 1996). In that case, however, the civil plaintiff, the state of Alabama, requested the stay, not the federal prosecutors. The court concluded that the state's claim that civil discovery would harm the federal prosecution was purely speculative and, thus, insufficient to justify a stay of the civil proceedings. Id., 533. The court explained: "The State is not a party to the federal criminal proceeding and has no legal interest in the outcome of the federal criminal trial. The State is merely the plaintiff in a civil action against [the petitioner] and, as such, has not established 'good cause' for granting the motion to stay." Id. In the present case, the United States moves for a stay on its own behalf and has articulated a clear likelihood that the defendants will make use of the civil discovery process to obtain presently confidential information about the prosecution's case. That harm is neither speculative nor conclusory.

The court is aware, however, that as the federal prosecution proceeds, the defendants will gain greater access in that forum to the United States' evidence and witnesses. Thus, a stay of discovery to protect the United States from premature disclosure of its case becomes less and less necessary as the federal action continues. A stay of discovery should be limited to the amount of time actually necessary to protect the United States' interest in order to protect the defendants' significant interest in presenting their defense expeditiously.

Moreover, the United States has not articulated any harm that would arise by permitting the parties in this

action to proceed with legal proceedings on which discovery does not depend. At least two defendants, Theodore R. Anson and Patrick J. Delahunty, have articulated a desire to file purely legal challenges to the complaint. Both the United States and the attorney general conceded at oral argument that such legal motions may properly go forward during the pendency of the federal criminal action.

Thus, the court concludes that a limited stay is appropriate in this case to protect the United States' interest in the integrity of the federal criminal process. The court therefore orders a stay of discovery until June 15, 2005. At that time, the court will consider whether the stay should be continued on the basis of the circumstances at that time. Motions for which discovery is not required may proceed in accordance with the rules of procedure. So ordered.