JOHN DOE *v.* HARTFORD ROMAN CATHOLIC
DIOCESAN CORPORATION ET AL.
(AC 26949)

Gruendel, Rogers and Peters, Js.

Argued April 24—officially released July 11, 2006

*Roger J. Frechette*, pro se, the appellant (proposed intervenor).

*Lorinda S. Coon*, with whom, on the brief, was *John W. Sitarz*, for the appellees (named defendant et al.).

*Joel T. Faxon*, for the appellee (plaintiff).

*William F. Gallagher* filed a brief for the Connecticut Trial Lawyers Association and the Survivors Network of Those Abused by Priests, as amicus curiae.

*Opinion*

PER CURIAM. This appeal concerns the denial of a motion to intervene in an action involving the alleged sexual abuse of a child. Because that action has been withdrawn, we dismiss the appeal as moot.

The relevant facts are not in dispute. In the spring of 2005, the plaintiff, John Doe,[1] commenced a civil action against the defendants, the Hartford Roman Catholic Diocesan Corporation (diocese), Saint Augustine Church of North Branford (church) and Daniel McSheffery. The complaint sought damages for, inter alia, sexual abuse allegedly suffered at the hands of a priest. On May 25, 2005, Roger J. Frechette filed a motion to intervene in the matter.[2] The plaintiff subsequently filed an opposition to the motion to invervene, which the court sustained. Frechette thereafter filed a

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[2] The gist of Frechette's claim is "that his cash contributions to both the church and the archdiocese, if utilized to pay for the wrongdoings of pedophile priests, is a misuse of his money and an illegal payment of funds by [the church and the diocese] . . . ."

motion to reargue his motion to intervene, which the court denied on September 1, 2005. On September 19, 2005, Frechette filed an appeal from that judgment; he then filed a motion for permission to file a corrected appeal on September 22, 2005. On December 5, 2005, the plaintiff withdrew the entire action against the defendants. This court granted Frechette's motion to file a corrected appeal from the denial of his motion to intervene on December 8, 2005, which he filed on December 12, 2005.

Prior to oral argument, we ordered the parties to file supplemental briefs on, inter alia, the issue of whether the appeal is moot due to the withdrawal of the underlying action.[3] In addition, we permitted the Connecticut Trial Lawyers Association and the Survivors Network of Those Abused by Priests to file an amicus curiae brief.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 492–93, 778 A.2d 33 (2001).

---

[3] We also ordered the parties to brief the issue of whether Frechette has demonstrated a colorable claim of intervention as of right. Because we conclude that the appeal is moot, we do not reach that issue.

The plaintiff withdrew the underlying action on December 5, 2005. That development is dispositive of the present appeal. Under Connecticut law, withdrawal of the action underlying an appeal from the denial of a motion to intervene renders the appeal moot.[4] *Commissioner of Revenue Services* v. *Estate of Culpeper*, 4 Conn. App. 249, 250, 493 A.2d 297 (1985); see also *Jones* v. *Ricker*, 172 Conn. 572, 576, 375 A.2d 1034 (1977).

Frechette argues that his claim implicates the capable of repetition, yet evading review exception to the mootness doctrine as enunciated in *Loisel* v. *Rowe*, 233 Conn.

[1] Frechette's reliance on *Wallingford Center Associates* v. *Board of Tax Review*, 68 Conn. App. 803, 793 A.2d 260 (2002), is misplaced. That case represents a very narrow exception to the mootness doctrine. The prospective intervenor in *Wallingford Center Associates* owned a parcel of property in Wallingford. When it learned that the previous owner of the property had commenced a property tax appeal involving the property, it sought to intervene so as to challenge the assessment for the years it owned the property. The motion to intervene was denied, and the court subsequently sustained the plaintiff's appeal. The prospective intervenor then appealed to this court. After noting that an appeal is considered moot if there is no possible relief that can be granted to the appealing party, we stated that "[h]ere . . . there is relief that can be granted to [the prospective intervenor] . . . even though there no longer is a proceeding into which it could intervene." Id., 807. We continued: "[T]here is relief that can be granted . . . without the need for any further trial court proceedings. . . . [The prospective intervenor] should have been allowed to intervene so that the judgment would have applied not only to the years [the plaintiff] owned the property, but to the years that it was owned by [the prospective intervenor]. Once . . . made a party, it would have been entitled to the same relief that [the plaintiff] obtained on appeal. The relief that [the prospective intervenor] should have received can be given to it simply by directing the trial court to open the judgment, grant [the] motion to intervene and to amend the judgment to cover the years of [the prospective intervenor's] ownership. Such an amendment would be a simple ministerial act." Id., 807–808. We further explained that the case "is saved from mootness by the fact that the relief that the new owner seeks can be given by this court without further trial court proceedings. That rare circumstance is the exception, rather than rule . . . ." Id., 804 n.1.

That precedent is inapplicable to the present case. Because the underlying action has been withdrawn, there is no judgment that could be amended to include Frechette as a party. Moreover, Frechette explicitly asks us to remand the matter for further trial court proceedings.

370, 660 A.2d 323 (1995). To qualify for review under that exception, an otherwise moot question must meet three requirements. "First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." Id., 382–83.

To satisfy the first requirement, the challenged action must possess "an intrinsically limited lifespan." Id., 383. As the *Loisel* court explained, "[i]f an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy." Id., 383–84. The present action lacks that prerequisite to review. While the plaintiff in this particular action chose to withdraw the action, he was under no compulsion to do so. Future litigants in a similar proceeding likewise will be free either to withdraw their respective actions or to proceed to trial. Put simply, this action involves no functionally insurmountable time constraints.

We further conclude that the challenged action fails to satisfy the second requirement of the capable of repetition, yet evading review exception. Analysis under that requirement "entails two separate inquiries: (1) whether the question presented will recur at all; and (2) whether the interests of the people likely to be affected by the question presented are adequately represented in the current litigation." Id., 384. Commonly

referred to as the "surrogacy concept," that second inquiry requires "some nexus between the litigating party and those people who may be affected by the court's ruling in the future." Id., 386. No such nexus is present here. While it did not precisely define the contours of the surrogacy concept, the *Loisel* court stated that "a public interest advocacy group purporting to litigate on behalf of, without actually representing, any of the affected parties" certainly would be excluded. Id., 387. Frechette is, in many respects, akin to a public interest advocacy group. He appears pro se in this litigation, as he has done previously in other civil actions of a similar nature. He characterizes his attempted intervention as one "of prime public importance . . . ." Moreover, his attempted intervention is predicated on statutory defenses he seeks to assert on behalf of the diocese and church. Frechette represents none of the affected parties; his involvement in the action is, in the words of the *Loisel* court, "completely divorced from the relevant parties . . . ." *Loisel* v. *Rowe*, supra, 233 Conn. 387. As such, the necessary nexus is lacking.

We conclude that the issue before the court is not capable of repetition, yet evading review and, therefore, does not qualify for review under that exception to the mootness doctrine. Accordingly, this court lacks jurisdiction to entertain the appeal.

The appeal is dismissed.