*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-326

MAY TERM, 2013

| | | |
|---|---|---|
| Isaac Faham | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Vermont Department of Corrections | } | DOCKET NO. 35-1-12 Wrcv |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Petitioner Isaac Faham, an inmate committed to the custody of the Commissioner of the Department of Corrections (DOC), appeals from a trial court order dismissing his petition for emergency injunctive relief which alleged that the prison cells in the Southern State and Northern State Correctional Facilities were unreasonably cold. We affirm.

In January 2012, petitioner—who was then incarcerated in the Southern State Correctional Facility—filed a pro se petition for emergency relief in the superior court claiming that the cells in the facility were unreasonably cold and that the DOC refused to adequately heat the cells "because of costs."[1] The court construed the petition as a petition to review governmental action pursuant to V.R.C.P. 75. In March 2012, the State moved to dismiss the petition for failure to exhaust administrative remedies. Noting that petitioner had filed no response to rebut the State's claim, the trial court granted the motion in late April 2012. More than four months later, petitioner filed a motion for relief from judgment, asserting that he had not been advised of the motion to dismiss until after it was granted, that exhaustion of administrative remedies was not a jurisdictional requirement, and that exhaustion would have been futile in any event because the DOC had refused for several years to address the issue of inadequate heating and had a "policy that could not be altered."[2] The trial court denied the motion for relief in a brief entry order in late August 2012. This appeal followed.[3]

---

[1]  A co-petitioner, Kirk Wool, alleged that the same conditions applied in the Northern State Correctional Facility where he was then housed, but he subsequently entered into a settlement with the State and we granted his request to be removed from the appeal.

[2]  Petitioner has not renewed on appeal his claim that he was not informed of the motion to dismiss until after it was granted.

[3]  While the appeal was pending, the State moved to dismiss on the ground that the issue was moot, petitioner having since been transferred to a different correctional facility. Petitioner opposed the motion, relying on the exception to the mootness doctrine for claims "capable of

"This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." Rennie v. State, 171 Vt. 584, 585 (2000) (mem.). Petitioner here does not dispute this rule or its application to the DOC's administrative regulation governing the processing and resolution of inmate grievances. He asserts, rather, that he was relieved from the requirement for two reasons.[4] First, he argues that exhaustion "was not mandated because of the emergency nature of the requested relief to address an unlawful condition of confinement." In this regard, petitioner maintains that he was subject to irreparable injury due to the temperatures in his cell, and that the "lengthy grievance procedure was neither efficacious nor adequate to address the claim."

Even assuming that we recognized an exception of this nature, and that the argument was preserved below, the DOC administrative regulation governing inmate grievances contains provisions designed to address claims of this nature. The regulation expressly authorizes grievances concerning unsafe conditions, and provides an expedited procedure for "Emergency Grievances," mandating an initial response within eight hours and a final resolution within ten days. Petitioner makes no argument or showing that this expedited procedure was inadequate to address his grievance at the administrative level. Accordingly, we find no merit to the claim.

Petitioner also invokes the "futility" exception to the exhaustion rule, relying on the allegation in his petition that prison staff told him the heat was set "where it is because of costs" and there was nothing they could do about it, and the further allegation in his motion for relief from judgment that the heating problem had existed for several years. See Stone v. Errecart, 165 Vt. 1, 4 (1996) (recognizing exception to exhaustion requirement where pursuit of administrative remedies would be "futile"). Accepting petitioner's allegations as true for purposes of ruling on a motion to dismiss, we conclude that they fall well short of the standard of futility necessary to allow a party to forego the administrative process. See, e.g., Allen v. Univ. of Vt., 2009 VT 33, ¶¶ 25-27, 185 Vt. 518 (rejecting argument that filing harassment complaint would have been futile, despite letter from university's counsel stating that it appeared there was "nothing more for UVM to do in following up on the rape complaint," as plaintiff could not assume that university would have refused to recognize or investigate harassment claim, and it was entitled to potential opportunity to correct its own errors); see also Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (holding that petitioner was not relieved of exhaustion requirement even where administrative claim would "likely have failed" in view of rule's underlying goals of promoting agency expertise and authority and preserving judicial resources); Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 133-34 (2d Cir. 2001) (holding that letter from employer's counsel

repetition yet evading review." In view of our holding that that the trial court properly dismissed the petition for failure to exhaust, we need not resolve the claim of mootness.

[4] Petitioner's appeal is from the trial court's denial of the motion for relief from judgment. Ordinarily, in reviewing such an appeal, we would consider the proposed ground for relief from judgment, and would review the trial court's decision for abuse of discretion. Sandgate School Dist. v. Cate, 2005 VT 88, ¶ 6, 178 Vt. 625. In its argument on appeal, the State does not follow this course and instead advocates that we address the legal merits of the trial court's initial dismissal on failure-to-exhaust grounds rather than its denial of the post-judgment motion for relief. Because the parties have briefed the case this way, and because we affirm the trial court's decision even on the less deferential standard of review advocated by both parties, we consider the arguments as framed by the parties.

informing plaintiff that she was not entitled to benefits under employee benefits plain did not render futile formal administrative application for benefits and opportunity for administrator to review claim); Peruta v. Comm'r of Pub. Safety, 20 A.3d 691, 699, 700 (Conn. App. Ct. 2011) (affirming dismissal of action challenging firearm regulation for failure to exhaust where petitioner's allegation that board of firearms was "incapable of acting in an unbiased manner" failed to suggest that requiring administrative review was "mandating an exercise in futility").

Petitioner's complaint contained no allegations suggesting that an administrative complaint would have been an exercise in futility because the DOC could not grant the relief requested, or irreparable injury was threatened, or his grievance contravened a formal DOC position or ruling.  Cf. Wallingford Ctr. Assocs. v. Bd of Tax Review, 793 A.2d 260, 265-66 (Conn. 2002) (holding that requiring property owner to grieve tax assessment would be futile where tax review board could not provide relief without contradicting its vigorously litigated official position in pending appeal by prior owner of same property).  Accordingly, we find no merit to the claim that petitioner was excused from utilizing the DOC grievance process, and thus no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

3